JAMES J. RYAN, v. THE INCORPORATED TOWN OF LONE TREE, Appellant.

Municipal Corporations: DEFENSES. In a suit against a municipal corporation based on a contract for services, the defense that the contract was *ultra vires*, or that the mayor had no authority to bind the corporation, are special and must be pleaded.

Contracts: INSTRUCTIONS. Where the plaintiff alleges a certain contract of employment, and defendant denies the same but pleads a different agreement, the determination of the real contract is a question of fact for the jury, and an instruction that a "contract of employment was made" was not error.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

TUESDAY, JANUARY 26, 1904.

SUIT to recover for personal services rendered the defendant. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Henry E. Porter* for appellant.

*Hart & Zmunt* and *Horan & Devitt* for appellee.

SHERWIN, J.—The petition pleaded an oral contract with the defendant, by the terms of which the plaintiff was to make a survey of the defendant town, prepare plans and specifications for a sewer and drainage system, and prepare an ordinance establishing the permanent grades of the streets. It was also alleged that the compensation for such work was agreed upon at so much per day and the necessary expense connected therewith. The answer denied that the contract pleaded was made, and denied that the work and labor was performed as stated in the petition. The answer further pleaded that it was the mutual agreement that the plaintiff should establish the grades of its streets and "give the levels for sewers therein," and that he was to receive "six dollars per day and actual expenses, including pay for rodman, for the time required to do said work," and that it was agreed that "such work would require of plaintiff two days field work for himself and rodman and five days office work." It is at once apparent from the foregoing statement of the issues that the question for trial was a very simple and narrow one of fact alone. No issue was made as to the authority of the town to enter into such a contract, nor as to the authority of its mayor to contract for it. These would both have been special defenses, which could not be considered unless · pleaded. 14 Encyclopedia Pleading & Practice, 243. The real question in the case was whether the plaintiff agreed to do the

work in seven days, and on this question there was such a conflict in the evidence that the verdict of the jury should not be disturbed. The plaintiff's field work and the details provided therefrom in the shape of plans, specifications, prints, and ordinance were all accepted and retained by the defendant, and the ordinance was formally adopted by the council.

Twenty-eight assignments of errors on the admission or rejection of testimony are argued with more or less earnestness by the appellant, and it is manifest that we cannot separately discuss each one of them. As to the first four assignments argued it is sufficient to say that, the making of a contract for the work having been admitted, there was no error in the ruling. Notwithstanding the fact that the appellant's argument refers us to the assignments of error, and the assignments of error refer to the abstract for the precise point raised, we have made the numerous pilgrimages necessary to an investigation of each assignment, and find no error serious enough to require a reversal or separate consideration.

The second instruction given by the court is complained of. It told the jury that the defendant denied the contract relied upon by the plaintiff, and said further that there was no question "but that a contract of employment was made," the principal question being what that contract was. This instruction was based upon the issues and the evidence and was correct. The criticism of the third and fourth paragraphs of the charge appears hypercritical. They both relate to the burden of proof, and give the correct rule. In the sixth paragraph of the charge the jury was told that the plaintiff could recover only on the contract pleaded by him, and that he could not recover the value of his services. The instruction was certainly right, as was also the eight, on the same subject. The further contention as to the eighth, and the argument touching the seventh and fifteenth, are disposed of by what has already been said regarding the issue in the case. The charge as a whole presented the case as it then stood. It was fair, easily understood, and without error.

The judgment is AFFIRMED.