FRANCES and L. F. FITZGERALD v. THE TOWN OF SHARON, IOWA (now called New Sharon), Appellant.

**Municipal corporations:** CREATION OF NUISANCE: LIABILITY FOR DAMAGES. The construction of culverts in the streets of a city so as to carry the water and filth from private drains onto the land of an abutting owner is a nuisance, for which the city is liable in damages the same as private persons; as the same is not the exercise of a governmental, but a municipal or ministerial function.

**Same:** *ultra vires.* A city cannot defend an action for nuisance in constructing and maintaining a drain, on the ground that its acts in the premises were *ultra vires,* even if such defense is pleaded as it must be to be available.

*Appeal from Mahaska District Court.*—HON. K. E. WILCOCKSON, Judge.

SATURDAY, JUNE 5, 1909.

REHEARING DENIED TUESDAY, SEPTEMBER 28, 1909.

SUIT to recover damages for maintaining a nuisance. Judgment for plaintiffs, from which the defendants appeal.—*Affirmed.*

*S. V. Reynolds* and *J. C. Heitsman,* for appellants.

*F. E. Gordon* and *L. T. Shangle,* for appellees.

SHERWIN, J.—The plaintiffs are the owners of land lying within the corporate limits of the town of Sharon (now called New Sharon). Their land is in the southern part of the town, and running through one end of it from the northeast to the southwest is a natural water course.

Extending north from the plaintiffs' land a distance of three or four blocks there was originally a natural depression in the land, into which the surface water flowed and passed on to the south and into the water course running through the plaintiffs' land. The land along the swale was wet, and some twelve or fifteen years ago the owners thereof constructed tile drains from High Street south through the intervening blocks to South Street, which is the street immediately north of the plaintiffs' property. These private drains were placed on the west side of the alleys, in the center of blocks six, eleven and fourteen, and a part of the way through block one in Hiatt's addition, and from thence the drain was laid in a southeasterly direction on private property. The private drains laid through the several blocks were not connected by the owners thereof, but began and ended at the street lines. The town, for the purpose of carrying off the water collected in these drains, placed sewer culverts in all streets, so that they would receive the discharge from the private drains and the surface water that flowed to the culverts from the streets. The culvert crossing South Street ended just south of the plaintiffs' north line, and was several feet below the surface of the ground. A great amount of filth was thus discharged upon the plaintiffs' land, constituting without question a nuisance, and of this they frequently complained to the town officials. The latter failing to remedy the conditions, the plaintiffs physically dammed the south end of the drain, whereupon the defendant's street commissioner, together with its mayor and some of its councilmen, entered upon the plaintiffs' land, against their wishes and without legal action, and extended the tile drain about twenty feet south. The entry upon the plaintiffs' land, and the unauthorized extension of the drain thereon, was a particularly lawless and unwarranted act, which can not be justified in any way, and which created liability somewhere. In addition to the trespass committed by the

defendant through its agents, it is clearly shown that the discharge upon the plaintiffs' land created a nuisance for which they are entitled to recover damages, and that the defendant was one of the parties creating and maintaining such nuisance. The legal question then is, is the defendant liable to respond in damages for such nuisance? We think there can be but one answer to the question.

A municipal corporation is sometimes said to have a dual character. It is, to a certain extent, a governmental agency, exercising powers of a public and general character delegated to it for the protection of the general public or its inhabitants. Its other function relates only to purely private, corporate, or municipal purposes. For the exercise of purely governmental functions a municipal corporation is not liable. *Saunders v. City of Ft. Madison,* 111 Iowa, 102. But in the exercise of its purely municipal or ministerial functions the corporation stands upon the same footing with a private corporation or an individual. *McMahon v. City of Dubuque,* 107 Iowa, 62; *Coles v. City of Davenport,* 9 Iowa, 227; *Wheeler v. Ft. Dodge,* 131 Iowa, 566. The creation and maintenance of a nuisance is very clearly not a governmental function, and the authorities are practically of one voice on the subject. *Stanley v. City of Davenport,* 54 Iowa, 463; *Wheeler v. Ft. Dodge, supra; Freeland v. Muscatine,* 9 Iowa, 461; *McMahon v. Dubuque, supra; Shinnick v. Marshalltown,* 137 Iowa, 72; *City of Ft. Worth v. Crawford,* 74 Tex. 404 (12 S. W. 52, 15 Am. St. Rep. 840); *Harper v. Milwaukee,* 30 Wis. 365; Woods, Law of Nuisances, sections 747, 748; *Chalkley v. City of Richmond,* 88 Va. 402 (14 S. E. 339, 29 Am. St. Rep. 730), and notes; *Platt v. Waterbury,* 72 Conn. 531 (45 Atl. 154, 48 L. R. A. 691, 77 Am. St. Rep. 335); *Judd v. Hartford,* 72 Conn. 350 (44 Atl. 510, 77 Am. St. Rep. 312); *Miles v. Worcester,* 154 Mass. 511 (28 N. E. 676, 13

*1. MUNICIPAL CORPORATIONS: creation of nuisance: liability for damages.*

L. R. A. 841, 26 Am. St. Rep. 264); *Briegal v. City of Philadelphia,* 135 Pa. 451 (19 Atl. 1038, 20 Am. St. Rep. 885).

The appellant earnestly and at length argues that no liability can be found in the instant case because all of the acts complained of were *ultra vires.* A sufficient answer to this contention would be that it was not pleaded. *Ryan v. Town of Lone Tree,* 122 Iowa, 420. But aside from such consideration, a municipality is given power to prevent and abate nuisances and to regulate drainage. Code, sections 696, 699. In establishing a system of sewerage certain preliminary steps must be taken by the corporation, but such requirements have no relation to this case, because the complaint here is of trespass and nuisance. Furthermore, a municipality can not escape liability for its tort on a plea of *ultra vires. Shinnick v. Marshalltown, supra; Lewis v. Schultz,* 98 Iowa, 341.

*2. SAME: ultra vires.*

There was no error in the trial below, and the judgment is *affirmed.*