BERT SMITH, Appellant, v. CITY OF IOWA CITY et al., Appellees.

No. 41045.

NOVEMBER 17, 1931.

W. R. Hart and Frank F. Messer, for appellant.

Davis & Davis and W. J. Hayek, for appellees.

STEVENS, J.—Appellant's cause of action is stated in the petition in three counts. The ultimate facts relating to the injury complained of, as alleged, are in substance that the appellee city has established and, by the functioning of a park board, maintains a certain public square or commons, known as the city park, within the confines of which there has also been established and maintained a tourist camping ground. As a part of the equipment of the park, there has been placed therein a combined teeter-totter and merry-go-round.

On or about September 3, 1929, Geraldine Smith, a minor child about nine years of age, went from the camp ground to the park and, while engaged in playing with the instrumentality above named, was severely injured. This action is brought to recover damages on account thereof.

 The second count of the petition is based upon the so-called attractive nuisance doctrine. We dispose of this count first, for convenience in discussion. It is alleged that the teeter-totter and merry-go-round had been permitted to get out of repair for a long period of time and to be, and remain in, a condition dangerous to children who sought to avail themselves of

the privilege of using the device. The purpose of the establishment and maintenance of the park and of the particular, and perhaps other, devices therein was the use and pleasure of children. Such was the only purpose for which the device complained of was installed. It was in its nature and purpose designed to be attractive to children. It therefore very clearly does not come within the definition of an attractive nuisance. Solomon v. Red River Lbr. Co., 206 Pac. (Cal.) 498. Trespass is the basic requirement of an attractive nuisance. The very theory of an attractive nuisance is that the device or thing claimed to be such is, by its character or nature, calculated and likely to attract children on the premises where they may suffer injury. Because of the attractive character of the instrumentality, the trespass is excused. Edgington v. B., C. R. & N. R. Co., 116 Iowa 410; Hensley v. Inc. Town, 203 Iowa 388; Radenhausen v. C., R. I. & P. R. Co., 205 Iowa 547; Bloomquist v. City of LeGrande, 251 Pac. (Ore.) 252, 253; Hayko v. Colo. & U. Coal Co., 235 Pac. (Colo.) 373; 7 Iowa Law Bulletin, 65. This court has always been reluctant to extend the doctrine of attractive nuisance. The park was designed as a recreation and play ground and, as such, intended to be attractive to the public. There is no theory suggested upon which the doctrine can be applicable to the facts of this case. Hensley v. Inc. Town, supra.

II. Count III of the petition is based upon the thought that the device or instrumentality previously described, kept and maintained in the park by appellees in a dangerous condition for many months with full notice and knowledge on the part of the park commissioners and the officers of said city, constituted a nuisance. The device was in no sense, *per se*, offensive or dangerous to the public. It affected neither the comfort, morals nor health thereof. It was not an annoyance to anyone and in no way operated to disturb, inconvenience or injure the public. It does not, therefore, come within the common-law definition of a nuisance nor does it come within the statutory classification thereof. A public nuisance is the doing, or the failure to do, something that injuriously affects the safety, health or morals of the public, or that works some substantial annoyance, inconvenience or injury thereto. Commonwealth v. So. Covington & C. St. R. Co., 6 A. L. R. 118; Soderburg v. C., St. P. M. & O. R. Co., 167 Iowa 123; McGill v. Pintsch Co., 140 Iowa 429; Percival

v. Yousling, 120 Iowa 451; Mitchell v. Flynn Dairy Co., 172 Iowa, 582; Dunsmore v. Central Ia. Ry. Co., 72 Iowa 182; State v. C. G. W. R. Co., 166 Iowa 494; State v. Stillwell, 220 Pac. (Kans.) 1058; Subdivision 19, Sec. 6329, and Secs. 12395 and 12396, Code, 1924.

If the device constituted a nuisance, it could, under the allegations of the petition, be such only because of the alleged negligent failure of the appellee park board to maintain the same in a condition safe and suitable for the purpose designed. A nuisance may result either from wrongful affirmative acts or from negligence. If the device or instrumentality complained of could, upon any theory, be said to constitute a nuisance resulting from the negligence of the officers of the municipality, then the question at once arises: Is either the municipality or the park commissioners liable for damages for the injuries complained of? Municipalities possess what is often described as a dual character. They exercise purely governmental functions and also those which are ministerial and proprietary in character. In so far as the acts performed are purely municipal or ministerial, the municipality may be liable upon the same basis as a private corporation or individual.

The construction and maintenance of a public park by a municipality has been repeatedly held in this state to be a purely governmental function. Norman v. City of Chariton, 201 Iowa 279; Mocha v. City of Cedar Rapids, 204 Iowa 51; Hensley v. Inc. Town, 203 Iowa 388; Rowley v. Cedar Rapids, 203 Iowa 1245.

The rule long established in this state is that a municipality, in the exercise of its purely governmental function, is not liable for negligence. Saunders v. City of Fort Madison, 111 Iowa 102; Ford v. Board Park Commissioners, 148 Iowa 1; Fitzgerald v. Town of Sharon, 143 Iowa 730; Hensley v. Inc. Town, supra; Mocha v. City of Cedar Rapids, supra; Norman v. City of Chariton, supra; Harris v. City of Des Moines, 202 Iowa 53; Armstrong v. Waffle, 212 Iowa 335; Leckliter v. City of Des Moines, 211 Iowa 251; Lage v. City of Marshalltown, 212 Iowa 53.

Governmental functions are exercised by municipalities for the benefit of the public. They are acts from which the city, as a municipality, derives no peculiar advantage, pecuniary or otherwise, but acts and functions designed to advance and con-

serve the convenience, comfort and welfare of the public. Clearly, therefore, the appellee city is not liable for the mere failure of its park board to keep and maintain the instrumentality or device in question, which was a part of the equipment of a public park established by the municipality in the exercise of governmental functions, free from danger.

III. Thus far, all of the propositions relied upon by appellant for reversal are controlled by the prior decisions of this court. In addition to the cause of action alleged against the municipality, appellant seeks to hold the members of the park board individually liable for the injuries complained of.

It is a general rule that the neglect of a public officer to perform a public duty will constitute an individual wrong only when the person complaining is able to show that the act of the officer involved a duty owing to him as an individual, and that by the failure of the officer to perform his duty, the complainant has suffered a special and peculiar injury. The negligence, if any, of the individual members of the park board was the failure on their part to maintain the device or instrumentality in question in repair and in a safe condition for the use of the public: that is, they are guilty, if at all, of nonfeasance only. The distinction between acts constituting nonfeasance and acts constituting misfeasance is well pointed out in Rowley v. City of Cedar Rapids, supra. The members of the park board were the mere agents of a quasi municipal corporation exercising governmental functions. Ford v. Board of Park Commissioners, supra.

Governmental functions are and can only be performed by the agents of the municipality through the instrumentalities provided therefor. Appellee city received no benefit directly or indirectly in a pecuniary sense from the establishment or maintenance of a public park. The question before us is not whether the members of the park board should, as mere officers, have been sufficiently alert to the safety of the public for whose benefit the instrumentality was installed in the park to maintain the same in safe repair, but whether either such park board or the municipality shall be held liable in damages for the nonfeasance of such officers. It would be an anomaly in the law which would relieve the municipality from liability for the nonfeasance of its officers and without regard thereto subject such officers individually to liability therefor.

We are aware that there is much conflict in judicial decisions upon some of the questions herein discussed, but it seems to us that the only logical conclusion that can be reached in harmony with the prior decisions of this court is that neither the municipality nor the members of the park board individually are liable, under the facts of this case. We had occasion in Bradley, Admrx. v. City of Oskaloosa, 193 Iowa 1072, in reviewing decisions of other courts, to observe that Fowler v. City of Cleveland, 100 Ohio St. 158, announced a contrary doctrine. It is significant of the trend of judicial opinion on the subject that the supreme court of Ohio, in a recent decision, Aldrich v. City of Youngstown, 106 Ohio St. 342, reversed their former holding and reached a conclusion in harmony with the rule prevailing in this state.

The following cases from other jurisdictions also bear upon the questions involved in this case and the discussion thereof will be found helpful and to support the conclusion we have reached. Warren v. City of Topeka, 265 Pac. (Kans.) 78; State v. Stillwell, 220 Pac. (Kans.) 1058; Moynihan v. Todd, 74 N. E. (Mass.) 367.

The judgment below must be and it is affirmed.—Affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.