JOHN O. BATLINER, appellant, v. WESLEY E. SALLEE and HARPER SAND, INC., appellees.

No. 50791.

(Reported in 118 N.W.2d 552)

December 11, 1962.

Porter, Heithoff & Pratt, of Council Bluffs, for appellant.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, for appellees.

STUART, J.—Plaintiff was the owner and operator of an automobile which collided at an intersection in Council Bluffs, Iowa, with a semitrailer truck owned by defendant Harper Sand, Inc., and driven by defendant Sallee. Plaintiff had the right-of-way. The case was tried to the court. Defendants did not offer any evidence and at the close of all evidence made a motion for directed verdict on which the trial court reserved ruling.

The following day the court found as a matter of fact that the plaintiff failed to keep a proper lookout, reduce his speed to a reasonable and proper rate and to have his car under control. Upon these factual findings the court concluded that the plaintiff

was guilty of contributory negligence and made the following judgment entry:

"It is ordered that defendants' motion to dismiss plaintiff's petition on the grounds that plaintiff failed to·carry his burden of proof and to establish his freedom from contributory negligence be and the same is hereby sustained.

"It is further ordered that plaintiff's petition be and the same is hereby dismissed and judgment is hereby entered against plaintiff for costs to be taxed by the Clerk·of this Court."

Appellant contends: (1) The court' erred in. sustaining the motion to dismiss on the grounds that he failed to carry the burden of proving freedom from contributory negligence, (2) the record does not support a finding of fact that plaintiff was contributorily negligent. Under these assignments of error, the evidence must be viewed in opposite lights, in the first, most favorable to appellant, in the second, most favorable to appellee.

I.   The importance of the first statement of error is diminished by concessions of appellant in both written and oral argument that the real issue is the sufficiency of the evidence to sustain the trial court's findings. Appellant reasons that he would not benefit by a reversal on the first error if a factual finding could still be made against him. This of course would be true if the matter were resubmitted to the same trial judge.

There·is ample evidence to support a finding by the trier of fact that appellant was free from contributory negligence. Were we faced squarely with a ruling of the trial court sustaining a motion to dismiss, we would reverse. However, in view of ·the above concessions· and the uncertainty and ambiguity in the court's ruling this question is not directly before us.

██ ██   The trial court treated the appellees' motion for a directed verdict as a motion to dismiss. The judgment entry sustaining the motion to dismiss· hereinabove set out was preceded by a finding of fact and conclusion of law, which gives it the appearance of having been a decision on the facts. Because of the uncertainty and ambiguity in the court's ruling it is incumbent upon us. to determine the court's intention. The instrument must be construed in its entirety, giving effect to that which is clearly implied as well as that which is expressed. Weir & Rus-

sell Lumber Co. v. Kempf, 234 Iowa 450, 455, 12 N.W.2d 857, 860; Sutton v. Schnack, 224 Iowa 251, 257, 275 N.W. 870, 873. "Such construction should be given to a judgment as will give force and effect to every word of it, if possible, and make it as a whole consistent, effective and reasonable." 30A Am. Jur. 212, 213, Judgments, section 69.

██ ██ If the trial court had been ruling only on the motion to dismiss, there would have been no occasion for a detailed finding of fact and conclusion of law. All the evidence was in and the matter ready for the court's final decision. The trial court obviously did more than sustain the motion to dismiss. We interpret the court's ruling to be a finding of fact upon the evidence produced and a judgment in favor of the defendant. The phraseology used in the judgment entry does not correctly reflect the actual disposition of the case. We have held that the use of a particular form of words is not essential to a judgment. Whittier v. Whittier, 237 Iowa 655, 23 N.W.2d 435. There is no conflict in substance in any of the parts of this ruling. The judgment entry dismissing the action at plaintiff's cost is entirely consistent with his findings and conclusions. We hold that the decision of the court was a finding of fact and not a ruling as a matter of law. This appeal must be determined on the second assignment of error.

II. Appellant contends that there is not sufficient evidence in the record to support the trial court's findings that appellant (1) failed to keep a proper lookout, (2) failed to reduce his speed to a reasonable and proper rate, and (3) failed to have his car under control. Under the circumstances, this is equivalent to the position that the appellant was free from contributory negligence as a matter of law. We do not agree that the record supports this position.

██ ██ The findings of a trial judge in jury-waived cases have the effect of a special verdict. Rules of Civil Procedure, 334. We must view the evidence in the light most favorable to defendant. Ver Steegh v. Flaugh, 251 Iowa 1011, 1022, 103 N.W.2d 718, 725. In most instances the question of contributory negligence is for the trier of fact. Weppler v. Smith, 252 Iowa 679, 686, 108 N.W.2d 247, 251; Goman v. Benedik, 253 Iowa 719, 113 N.W.2d

738. This is particularly applicable to the party having the burden of proof. Only in very rare instances have verdicts been directed in favor of the party on whom rests the burden of proof. Barnes v. Gall, 251 Iowa 921, 103 N.W.2d 710; Carr v. Iowa Mutual Tornado Ins. Assn., 242 Iowa 1084, 49 N.W.2d 498, 28 A. L. R.2d 751. Appellant cites no cases wherein this court has upheld a verdict in favor of the party having the burden of proving freedom from contributory negligence.

Defendant offered no evidence. We must therefore find support for the trial court in that offered by plaintiff. There is evidence that plaintiff was not maintaining a proper lookout. The court could have found that he did not see the truck until both vehicles were about to enter the intersection. He could have seen the truck 25 to 30 feet east of the intersection when he was about the same distance south of the intersection. Plaintiff testified he was traveling at the rate of 10 to 15 miles per hour. At that rate he could have stopped before the accident had he kept a proper lookout. There is evidence that his passenger saw the truck first and yelled for him to look out. Batliner himself testified that he did not have a chance to do anything but apply the brakes after he saw the truck.

The case of Paulsen v. Haker, 250 Iowa 532, 537, 539, 95 N.W.2d 47, cited by both parties, states the duties of a person traveling on a through street:

"The true rule is that the statutory right of way is not a guarantee of safety, but that the driver on the protected road must use reasonable care under the existing circumstances for his own safety and that of others. Likewise, in connection with the duty to keep a proper lookout, we think it is his duty to make reasonable observation of all surrounding circumstances, including intersections and other traffic which may be in fair view on intersecting roads, and to use such care as an ordinarily prudent man would do in the light of everything disclosed by such observations."

The court then says: "We ourselves have held that the driver on the arterial street or highway may be guilty of negligence. Odegard v. Gregerson, 234 Iowa 325, 12 N.W.2d 559. The driver on the favored road may rely upon the belief that others using

the highways, including those who may desire to enter from inferior intersecting roads, will obey the rules of the road and the posted signs and will use due care at least until he knows, or in the exercise of reasonable care should know, that they will not do so. But he is not thereby relieved of his own duty of due care under the existing circumstances. He may not proceed in entire disregard of traffic approaching or entering from intersecting roads, but must be alert to it to the extent reasonable care demands, and must govern his driving by the rules such care dictates."

Trial court could have concluded that the plaintiff did not fulfill the duty to keep a proper lookout under this record.

The evidence is quite meager in support of a finding of excessive speed or failure to have his vehicle under control. However, in view of our holding on the question of proper lookout, we need not consider these other questions.

For the reasons hereinabove stated we conclude that the trial court should be affirmed.—Affirmed.

All JUSTICES concur.