BILLY E. SPARKS, appellant, v. CITY OF PELLA, MARION COUNTY, appellee.

No. 51611.

(Reported in 137 N.W.2d 909)

NOVEMBER 16, 1965.

Life, Davis & Life, of Oskaloosa, for appellant.

Dirk C. Van Zante, of Pella, and Carroll Johnson, of Knoxville, for·appellee.

MOORE, J.—This is an action at law to recover damages resulting from flooding of the basement of plaintiff's home in Pella by sanitary sewer backup and surface water during a heavy rainfall. Plaintiff's petition, filed February 6, 1963, alleged defendant-city had negligently constructed and maintained the sewer such as to create a nuisance. Defendant's answer denied the allegations of the petition and alleged the acts complained of were in

performance of a governmental function. Trial was to the court. At the close of the evidence plaintiff was permitted to amend his petition. He then alleged that in the latter part of March and early April 1962 defendant constructed an earth fill for the purpose of raising the street level from Peace Street at Third for about four blocks just east of his home and the fill blocked the natural flow of water adjacent to his property in such a way as to create a nuisance. His amendment further alleged the fill work was done by a contractor hired by the city and under plans set forth by the city.

The trial court found plaintiff had failed to prove negligence or the creation of a nuisance and entered judgment against plaintiff for costs. He has appealed.

Plaintiff's pleadings and evidence indicate uncertainty of his theory as a basis for recovery.

On this appeal, however, appellant states the question presented is whether appellee created a nuisance. He assigns no error on the trial court's ruling of failure to prove negligence. If he had such a theory in the trial court it is now waived. Errors not assigned or argued are deemed waived. Rule 344(a)(4), Rules of Civil Procedure.

Appellee's motion to dismiss or direct a verdict made at the close of appellant's evidence was not ruled on but was taken with the submission of the case. The trial court's determination no nuisance had been created was a finding of fact and not a ruling as a matter of law. Batliner v. Sallee, 254 Iowa 561, 563, 564, 118 N.W.2d 552, 554.

The trial court's findings of fact in this law action are binding on us if supported by substantial evidence. Citation of authority is unnecessary. Rule 344(f)1, Rules of Civil Procedure.

Before considering the evidence we consider some of the legal propositions relating to nuisance actions.

The rule of immunity of a governmental agency from liability for negligence in the exercise of governmental functions does not exempt it from liability for a nuisance created and maintained by it. The maintenance of a nuisance is not a governmental function. Fitzgerald v. Town of Sharon, 143 Iowa 730, 121 N.W. 523; Smith v. City of Iowa City, 213 Iowa 391,

239 N.W. 29; Ness v. Independent School District, 230 Iowa 771, 298 N.W. 855; Gates v. City of Bloomfield, 243 Iowa 671, 53 N.W.2d 279; 63 C. J. S., Municipal Corporations, section 770(b).

Nuisance is a condition, and not an act or failure to act on the part of the party responsible for the condition. Bowman v. Humphrey, 132 Iowa 234, 109 N.W. 714, 6 L. R. A., N. S., 1111, 11 Ann. Cas. 131; Fitzgerald v. Town of Sharon, supra; Iverson v. Vint, 243 Iowa 949, 54 N.W.2d 494.

A nuisance may be created as a result of negligence but proof of negligence is not required in all actions for nuisance. Bowman v. Humphrey; Fitzgerald v. Town of Sharon; Iverson v. Vint, all supra; Ryan v. City of Emmetsburg, 232 Iowa 600, 4 N.W.2d 435.

A nuisance must affect either the comfort, morals or health of the public or fall within a statutory classification. Smith v. City of Iowa City, supra; Abbott v. City of Des Moines, 230 Iowa 494, 298 N.W. 649, 138 A. L. R. 120. See also 11 Drake Law Review 97. To constitute a nuisance there must be a degree of danger, likely to result in damage, inherent in the thing itself, beyond that arising from mere failure to exercise ordinary care. Hall v. Town of Keota, 248 Iowa 131, 142, 79 N.W.2d 784, 790, and citations.

Section 657.1, Code, 1962, provides: "Nuisance—what constitutes—action to abate. Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the same and to recover damages sustained on account thereof."

Section 657.2 enumerates 13 specific offenses which are deemed nuisances. None has any application to the facts claimed by appellant. These statutory enumerations do not modify the common-law rule applicable to nuisances. Kellerhals v. Kallenberger, 251 Iowa 974, 979, 103 N.W.2d 691, 694. Thus the common-law definition as set out above and which for this case is almost identical with the provisions of section 657.1 must be applied. And in doing so each case must be considered on its own peculiar facts. Irvine v. City of Oelwein, 170 Iowa 653, 668, 150

N.W. 674, 680, L. R. A. 1916E 990; Casteel v. Town of Afton, 227 Iowa 61, 65, 287 N.W. 245, 246; Abbott v. Des Moines, 230 Iowa 494, 503, 504, 298 N.W. 649, 654, 138 A. L. R. 120.

Volume 39 Am. Jur., Nuisances, section 11 at page 291 states: "The act or thing complained of must be shown by evidence to be a nuisance under the law, and whether it is or is not a nuisance is generally a question of fact."

In June 1961 plaintiff purchased and with his family moved into a new unfinished and undecorated three-bedroom house at 401 Hazel Street in the southeast portion of Pella. It was in a platted but undeveloped area where the streets were unimproved. Hazel, a north-south street, was open to near the north line of plaintiff's lot. Other north-south streets were East Third a block west, Prairie one block east and Farmer two blocks east of Hazel. To the south of plaintiff's home the plat showed Peace Street. The street did not exist physically. It was platted as an east-west street and intersected the other named streets at right angles. Plaintiff's home was near the northwest corner of Hazel and Peace.

The lot on which plaintiff's house was built is low and just north of what was once a farm creek. From plaintiff's lot the surrounding land slopes upward to the north and west. To the east the land is rather level. The creek still existed to some extent. It ran easterly and westerly adjacent to the south side of plaintiff's land where the plat showed Peace Street. Slightly above the creek bed there was a six-foot storm sewer which continued from the west to just east of the platted intersection of Hazel and Peace where it emptied into the open creek which ran on east to the Skunk River. Adjacent to plaintiff's south lot line there was also a 15-inch sanitary sewer line laid in 1910 which ran from the north on East Third Street then east along the platted Peace Street. From East Third it had a rapid drop to Hazel but on to the east its fall was slight. It continued east to the disposal plant.

Following acquisition of the property plaintiff made many improvements including paneling and decorating the basement. It was used to some extent as additional living quarters. Prior to April 1962 plaintiff had no trouble with water in the basement

although several heavy rains were experienced. In July 1961 one rain, estimated by plaintiff's wife at four inches, washed out grass seed but did no other damage.

In April 1962 the City of Pella embarked on a project to extend the six-foot storm sewer tile about four blocks farther east and to build Peace Street. Tile was laid, the open creek or ditch filled in and Peace Street was constructed at a level higher than the adjacent land. The southern ends of Hazel, Prairie and Farmer Streets were also built up where they intersect with Peace Street.

During the latter part of April 1962 plaintiff asked the city engineer what was going to be done about the surface water and was advised a catch basin would be installed at the edge of the lowest part of his yard with a tile into the main sewer but that this could not be done until the grading was completed as the equipment could not be run over the tile.

On the afternoon and evening of May 8, 1962, a rain totaling approximately 4.71 inches fell on Pella. The streets ran full of water and overflowed their curbs. Many basements were flooded. The mayor testified it was an extraordinary rain. The surface water filled the lower part of plaintiff's lot and ran through his basement windows. During the same period the sanitary sewer for the first time backed up depositing sewage in plaintiff's basement. The water depth was estimated at three feet.

Extensive damage to the basement walls and floor resulted. The paneling was ruined. Some household furnishings and appliances were damaged beyond repair. The odor was very offensive.

The next day the city opened a ditch across Farmer Street just north of its intersection with Peace. The water which had accumulated all along the low area just north of Peace Street including that standing in plaintiff's yard soon ran off to the east. The witnesses agree the surface water was trapped by the raising of the street levels.

On June 10, 1962, during another rain the sanitary sewer again backed up into plaintiff's basement. No trouble was experienced with surface water at that time. Plaintiff again suffered

considerable damage after repairs had been made and the basement partially refurnished.

No evidence was introduced to show why the sanitary sewer which had been adequate since its installation in 1910 became inadequate. However, the surrounding area was being developed and many new homes had been connected with it.

In July or August 1962 the catch basin and tile were put in at the lower edge of plaintiff's property and connected with the storm sewer. Plaintiff had no further trouble with surface water.

Some months later another sanitary sewer was laid near the old one. Plaintiff thereafter experienced no further sanitary sewer backup.

At the time plaintiff purchased his home he was aware Peace Street would probably be filled and developed.

There was no valve or float in plaintiff's basement drain to prevent sanitary sewer backup. The record discloses such a "back flow valve" was in common use in Pella and not expensive.

We have attempted to set out most of the evidence bearing on the question whether the city had created a nuisance. The court's finding against plaintiff is supported by substantial evidence. We are not permitted in this law action to change this finding.

■■■ Appellant also assigns error in the trial court's ruling on evidence. He argues the court erred in sustaining defendant's objection to the question propounded to plaintiff—"So it's the road construction that was done there that caused the blocking of water; is that right?" Plaintiff's pleading before amendment asserted no nuisance because of road construction. Later, however, the evidence established beyond dispute the blocking of the surface water was caused by the street improvements. No prejudice could possibly result from the trial court's ruling.

■■■ We find no merit in appellant's assigned error that the city engineer should not have been allowed to testify there was no physical connection between the storm and sanitary sewers. The record shows he was qualified to give such evidence. We note that plaintiff's wife on direct examination also so testified.

We conclude the judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur except JUSTICE LARSON, who dissents.

LARSON, J.—I must respectfully dissent. It is very clear to me, and the evidence establishes without dispute, that the city did create the complained-of blocking of surface water with inadequate street improvements. The majority so concedes. When the earth work blocked the natural flow of surface waters after the May 8, 1962, heavy rain, plaintiff's lot became a pond. Water flowed in his basement windows in such volume that the sanitary sewer could not carry it away. Under this situation no shutoff apparatus in the sanitary sewer outlet would be effective. The condition was relieved only when the city opened ditches across the street east of plaintiff's premises. I think these admitted facts compel a finding of liability, and that reasonable minds could not differ on the inferences or conclusions that may be drawn from that evidence. The issue as to that part of this cause was not a fact question for the court acting as a jury, and we are not bound thereby. Olson v. Goodyear Service Stores, 255 Iowa 1112, 1115, 125 N.W.2d 251, and citations. Indeed, this is the exceptional case. Thus, as a matter of law I would find liability for this damage and would allow recovery to the extent proven by the evidence.

As to the claim for damages due to the sanitary sewer back-up resulting from the June 10, 1962, rain, I concur with the majority's holding. As to that claim the trial court's finding must be upheld. There the evidence does not support a recovery, for it does not appear the city was the creator of the condition which overburdened the sanitary sewer at that time and place.

However, I feel these were separate torts and that liability for the damages resulting from the May 8 rain was separately established as a matter of law, and upon that claim plaintiff was entitled to recover.