David HEGG and Elaine Hegg, Appellants,

v.

HAWKEYE TRI–COUNTY REC, Appellee.

No. 92–1964.

Supreme Court of Iowa.

Feb. 23, 1994.

Robert J. Murphy of Roberts & Murphy, Independence, for appellants.

Thomas P. Jorgensen of Dreher, Simpson & Jensen, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The question is whether this property damage suit was barred by a statute of limitations. On finding it was barred, the trial

court entered summary judgment for defendant. We reverse and remand.

Plaintiffs, David and Elaine Hegg, operate a dairy farm and are electricity customers of defendant Hawkeye Tri–County REC (Hawkeye). In the latter part of 1981 the Heggs began noticing signs of restlessness in their dairy herd and a reduction in milk production. In May of 1982 they conducted a reading of stray voltage by a hand-held meter and discovered the voltage readings were considerably higher than normal. After further testing the Heggs filed suit against Hawkeye, claiming Hawkeye had negligently delivered electricity to their farm in a manner that caused stray voltage and damaged their dairy herd. The suit was filed July 17, 1985, and was dismissed January 5, 1988, pursuant to Iowa rule of civil procedure 215.1 for lack of prosecution. The Heggs' motion for reinstatement was denied and we affirmed the denial.

The Heggs filed this suit on January 2, 1991, this time claiming Hawkeye failed to correct the problem and therefore, in 1988, they were forced to buy an electronic grounding system (EGS). They sought damages for their economic loss.[1]

Hawkeye moved for summary judgment, contending that the five-year statute of limitations contained in Iowa Code section 614.1 (1991) for bringing actions based on injury to property had run. The district court agreed, holding that the Heggs' claim was untimely. It granted the motion for summary judgment and the Heggs have appealed.

■ I. Under Iowa rule of civil procedure 237, summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Ottumwa Hous. Auth. v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993). No fact question exists if the only dispute concerns the legal consequences flowing from the undisputed facts. *Id.* On appeal of a summary judgment ruling, then, we must decide (1) whether a genuine issue of material fact exists, and (2) if the law was correctly applied.

■ II. The case turns on whether the five-year statute of limitations contained in section 614.1 began to run on or before January 2, 1986. Iowa Code section 614.1(4) provides that actions brought for injuries to property shall be brought within five years after their causes accrue. Iowa courts have long followed the principle that a cause of action based on negligence does not accrue until the plaintiff has in fact discovered that he or she has suffered injury or by the exercise of reasonable diligence should have discovered it. *Lebeau v. Dimig*, 446 N.W.2d 800, 801 (Iowa 1989); *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985).

■ In contending their cause of action accrued in 1988 when they installed the EGS, the Heggs claim that the negligent acts of Hawkeye are ongoing and continuous. They argue their action did not accrue until the last date on which the negligence occurred. We agree that where the wrongful act is continuous or repeated, so that separate and successive actions for damages arise, the statute of limitations runs as to these latter actions at the date of their accrual, not from the date of the first wrong in the series. *Anderson v. Yearous*, 249 N.W.2d 855, 860 (Iowa 1977) (stating that "[w]here resultant injuries are recurring and successive actions will lie, the limitations period runs from the occurrence of each such injury"); 50 Am. Jur.2d *Limitations of Actions* § 136 (1947); 54 C.J.S. *Limitations of Actions* § 84 (1971). Recovery is limited to those actions accruing during the statutory period, in this case five years, preceding the inception of the current action for damages. *See Earl v. Clark*, 219 N.W.2d 487, 491 (Iowa 1974) (holding that, in a continuing tort, the burden of segregating successful damages arising before and after the commencement of the five-year limitations period falls on the defendant); *Eppling*

---

1. They also sought damages for emotional distress and resulting punitive damages. These matters, subject to the two-year statute of limitations in Iowa Code § 614.1, were properly dismissed as untimely. The matters giving rise to the emotional distress claim were shown to have been remedied more than two years prior to suit.

*v. Seuntjens,* 254 Iowa 396, 404, 117 N.W.2d 820, 825 (1962) (limited recovery to damages sustained during the last five years where first of continuing damages accrued over six years before commencement of action); *G & K Dairy v. Princeton Elec. Plant Bd.,* 781 F.Supp. 485, 488 (W.D.Ky.1991) (holding that, in the context of a continuing tort, where the "discovery rule" is inapplicable, an action for injury which occurred outside the limitations period is time barred); *Carhart v. Village of Hamilton,* 190 A.D.2d 973, 594 N.Y.S.2d 358, 360 (1993) (holding that in a continuing tort, the statute of limitations may constitute a partial defense). *But see Kolpin v. Pioneer Power & Light Co.,* 162 Wis.2d 1, 469 N.W.2d 595, 605 (1991) (holding that "if any act of negligence within the continuum falls within the period during which the suit may be brought, the plaintiff ... may bring suit for the consequences of the entire course of conduct").

So the case comes down to whether the Heggs complained of a continuing wrong. We have considered the nature of a continuing wrong in prior cases. In *Anderson,* 249 N.W.2d at 855, the claimants sought nuisance damages for intermittent flooding caused by a levee on adjacent property. The claimants filed their action more than five years after the structure was erected. *Id.* at 858. In *Anderson,* we held that for purposes of statute of limitations, erection of the structure was not the determinative date, stating "[w]here resultant injuries are recurring and successive actions will lie, the limitation period runs from the occurrence of each such injury." *Id.* at 860. In *Earl,* 219 N.W.2d at 491, we held that a claimant seeking nuisance damages caused by waste drainage from an adjacent feedlot could recover for damages occurring within the five-year period preceding the date of trial. *Contra Kolpin,* 469 N.W.2d at 608 (holding, on facts similar to the case at issue here, the negligent use of an electrical distribution system over a period of time is one act of negligence, not a continuing wrong).

We believe the present case is similar to our own past cases. The injuries resulting from the stray voltage are recurring. Consequently, the Heggs may recover for damages occurring within the five-year period preceding the filing of this lawsuit. For this reason, the district court erred in granting summary judgment in favor of Hawkeye. Thus we reverse the district court's summary judgment for Hawkeye and remand this case for further proceedings.

**REVERSED AND REMANDED.**