**IN THE COURT OF APPEALS OF IOWA**
No. 15-2143
Filed February 8, 2017

**WILMA KELLOGG,**
      Plaintiff-Appellant,

**vs.**

**CITY OF ALBIA, IOWA,**
      Defendant-Appellee.

_____

Appeal from the Iowa District Court for Monroe County, Randy S. DeGeest, Judge.

Wilma Kellogg appeals from the district court's adverse summary judgment ruling on her claim for nuisance. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Zachary C. Priebe and Jeffrey S. Carter of Jeff Carter Law Offices, P.C., Des Moines, for appellant.

Sarah E. Crane and Michael C. Richards of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.

Heard by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

CLERK OF SUPREME COURT

FEB 08, 2017

ELECTRONICALLY FILED

**DANILSON, Chief Judge.**

Wilma Kellogg appeals from the district court's adverse summary judgment ruling on her claim for nuisance as a result of damages to her home caused by the flooding of a storm sewer system constructed by the City of Albia. Kellogg is seeking damages for a private intermittent nuisance, abatement of the nuisance, and incidental damages associated with the abatement action. Kellogg contends the district court erred in granting summary judgment on these two grounds: (1) the action is barred by the statute of limitations; and (2) Iowa Code section 670.4(1)(h) (2015) municipal immunity applies.

We find a genuine issue of material fact exists, and the district court erred in granting summary judgment on the basis of municipal liability provided in section 670.4(1)(h). We conclude the district court did not err in granting summary judgment with respect to claims and damages for flooding occurring prior to the two-year period preceding the filing of the lawsuit as they were barred by the statute of limitations, and we affirm the entry of summary judgment as to such claims. We remand for further proceedings on the nuisance claim for damages arising within two years of the filing of the lawsuit as well as the abatement cause of action.

**I. Background Facts & Proceedings.**

The storm sewer at issue in this matter was constructed by the City of Albia in 1972 as part of a paving project. Kellogg's home was built in 1983, and Kellogg purchased the home in 2008. A drainage pipe runs under Kellogg's land and drains into the storm sewer located on the western edge of the property. Kellogg reported the property first flooded in 2009, resulting in ponding in the

yard and water coming into the basement. Kellogg estimated the basement has flooded at least eight or nine times between 2009 and 2015. In 2010, 2012, 2013, and 2014, Kellogg spoke to city representatives and asked if anything could be done to stop the flooding. Kellogg claimed each time the city told her it would look into the flooding but took no steps to follow up or address the problem. Kellogg stated the property last flooded on July 7, 2015.

Kellogg filed the petition on February 25, 2015, asserting claims against the city for nuisance, abatement of nuisance, and negligence. The city filed a motion for summary judgment on September 15, 2015, arguing Kellogg's claims are barred by the statute of limitations and Iowa Code section 670.4(1)(h). The court granted the motion for summary judgment on both grounds in an order entered December 3, 2015. Kellogg now appeals.[1]

**II. Standard of Review.**

Our review of a ruling on a motion for summary judgment is for correction of errors at law. *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27 (Iowa 2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "A genuine factual issue 'is generated if reasonable minds can differ on how the issue should be resolved.'" *K & W Elec., Inc. v. State*, 712 N.W.2d 107, 112 (Iowa 2006) (citation omitted). We view the evidence in the light most favorable to the nonmoving party—Kellogg. *Id.*

---

[1] Kellogg does not appeal the entry of summary judgment on the negligence claim.

**III. Immunity.**

*A. Section 670.4(1)(h).* Kellogg asserts the district court erred in granting summary judgment on the basis of section 670.4(1)(h) state-of-the-art municipal immunity.

Iowa Code chapter 670 establishes the parameters of a municipality's liability for torts.[2] *Keystone Elec. Mfg., v. City of Des Moines*, 586 N.W.2d 340, 345 (Iowa 1998). "In doing so, it abrogates in part, a municipality's immunity from suits sounding in tort." *Id.*; *see also Hansen v. City of Audubon*, 378 N.W.2d 903, 905 (Iowa 1985) (discussing chapter 613A, which was transferred to chapter 670 by the code editor for the 1993 Code). But there are numerous exceptions to a municipality's liability.

The city urges that one such exception applies to these facts. Section 670.4(1)(h) provides immunity to municipalities for

> [a]ny claim based upon or arising out of a claim of negligent design or specification, negligent adoption of design or specification, or negligent construction or reconstruction of a public improvement as defined in section 384.37, subsection 19, or other public facility that was constructed in accordance with a generally recognized engineering or safety standard, criteria, or design theory in existence at the time of the construction or reconstruction. A claim under this chapter shall not be allowed for failure to upgrade, improve, or alter any aspect of an existing public improvement or other public facility to new, changed, or altered design standards.

The city argues Kellogg's nuisance action arises out of a claim of negligent design or construction or failure to upgrade, improve, or alter the storm sewer, and therefore cannot be brought against the city.

---

[2] Iowa Code section 670.2(1) provides, "Except as otherwise provided in this chapter, every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function."

*B. Applicability to Nuisance claims.* Kellogg contends section 670.4(1)(h) does not apply to nuisance claims, and even if it is applicable to nuisance claims in general, section 670.4(1)(h) does not apply to her nuisance claim.

The city argues merely calling something a nuisance does not make it a nuisance claim. The city claims Kellogg's cause of action is a negligence claim, but if truly a nuisance claim, section 670.4(1)(h) is still applicable as it applies to any tort based upon or arising out of a claim of negligent design or construction or failure to upgrade, improve, or alter the public improvement such as a storm sewer.

Although Kellogg's petition also alleged negligence, Kellogg's contends her nuisance cause of action does not rely upon negligence; a theory that the storm sewer system was improperly installed or engineered; or that the system needs to be upgraded, improved, or altered. On appeal, Kellogg concedes the storm sewer was designed and constructed according to the standard engineering and design practices in 1972.[3] We first address whether section 670.4(1)(h) may serve as a bar to nuisance claims.

We note that nuisance claims are specifically encompassed by Iowa Code chapter 670; section 670.1(4) defines "tort" as "every civil wrong which results in . . . injury to property or injury to personal property rights and includes but is not restricted to actions based upon . . . nuisance." We also observe section 670.4(1)(h) does not limit itself to negligent actions but does limit its applicability

---

[3] During oral arguments, Kellogg acknowledged that she was not relying upon her expert who had rendered an opinion that the storm sewer should be upgraded to current standards for purposes of the nuisance claim. Kellogg also conceded that she was not relying upon her negligence claim.

to claims based upon or arising out of a claim of negligent design or construction or failure to upgrade, improve, or alter a public improvement.

The city argues the court's holding in *K & W Electric* also signifies the scope of section 670.4(1)(h) immunity extends beyond actions for negligence. *See K & W Elec.*, 712 N.W.2d at 115. In *K & W Electric*, our supreme court determined the state-of-the-art defense applied not only to a negligence claim, but also to a claim brought against a city for violation of Iowa Code section 314.7.[4] Thus, we would agree our supreme court has not strictly applied section 670.4(1)(h) to negligence causes of action, and immunity exists so long as the tort is based upon or arising out of a claim of negligent design or construction or failure to upgrade, improve, or alter a public improvement.

*C. Applicability of section 670.4(1)(h) to Kellogg's nuisance claim.* Kellogg contends even if section 670.4(1)(h) encompasses nuisance claims, her action is based upon the creation of a condition and not upon an act or omission of the city responsible for creating the condition, citing to *Ryan v. City of Emmetsburg*, 4 N.W.2d 435, 440 (Iowa 1942), and *Sparks v. City of Pella*, 137 N.W.2d 909, 911 (Iowa 1965). In *Ryan*, an action for nuisance against a city for noxious gases and odors emanating from a sewage disposal plant was permitted. 4 N.W.2d at 611. And in *Sparks*, our supreme court stated, "The rule of immunity of a governmental agency from liability for negligence in the exercise of governmental functions does not exempt it from liability for a nuisance created and maintained

---

[4] Iowa Code section 314.7 prohibits "[o]fficers, employees, and contractors in charge of improvement or maintenance work on any highway" from "destroy[ing] or injur[ing] reasonable ingress or egress to any property, or turn[ing] the natural drainage of the surface water to the injury of adjoining owners," and states "[i]t shall be their duty to use strict diligence in draining the surface water from the public road in its natural channel."

by it. The maintenance of a nuisance is not a governmental function." 137 N.W.2d at 911. In response, the city asserts *Ryan* and *Sparks* pre-date section 670.4(1)(h), and section 670.4(1)(h) precludes Kellogg's nuisance action because it arises out of a claim of negligent design or construction.

Our supreme court interpreted the phrase "arising out of" as used in section 670.4 in *Cubit v. Mahaska County*, 677 N.W.2d 777, 784 (Iowa 2004). In *Cubit*, the court stated the phrase should be given a broad interpretation and required a causal connection between the claim and the acts or omissions of the underlying tort—here, negligence in the design and specification of the public improvement. *Id.*

Thus, if Kellogg's claim was "based upon" or "arising out of" a claim of negligent design or specification or the city's failure to upgrade, improve, or alter the sewer system as provided in section 670.4(1)(h), the city would be immune notwithstanding the tort alleged. Accordingly, we must examine if Kellogg has created a genuine issue of material fact that her claim is not encompassed by a broad interpretation of the pertinent phrases in section 670.4(1)(h).

Prior to the implementation of section 670.4(1)(h), "Iowa courts ha[d] long recognized that a municipality which provides drains and sewers to its residents may be liable in tort if it fails to exercise reasonable skill and care in providing that service." *Scholbrock v. City of New Hampton*, 368 N.W.2d 195, 197 (Iowa 1985). After the effective date of section 613A.4(8)—now found at section 670.4(1)(h)—our supreme court addressed the purpose and breadth of the immunity, stating:

The obvious purpose of section [670.4(1)(h)] is to alleviate municipal responsibility for design or specification defects, as judged by present state of the art standards, when the original designs or specifications were proper at the time the public facility was constructed. Furthermore, a municipality is not responsible for its failure to upgrade or improve a public facility each time standards change. The terms "upgrade, improve, or alter . . . to new, changed, or altered design standard" under section [670.4(1)(h)] indicates a change in design or different design. However, as we indicated earlier, we still recognize tort actions against a municipality for its failure to repair and maintain its sanitary sewer system. "Repair" or "maintain," as opposed to "upgrade," denotes a restoration to former design standards to enable the existing facility to operate adequately.

*Hansen*, 378 N.W.2d at 906-07. In sum, neither the purpose nor the literal terms of the section provide immunity for a claim based upon the failure to repair, maintain, or operate a storm sewer system. *Id.* at 907.

We also must consider that "[t]here is a distinction between the concepts of 'nuisance' and 'negligence.'" *Martins v. Interstate Power Co.*, 652 N.W.2d 657, 660 (Iowa 2002).

Negligence is a type of liability-forming conduct, for example, a failure to act reasonably to prevent harm. In contrast, nuisance is a liability-producing condition. Negligence may or may not accompany a nuisance; negligence, however, is not an essential element of nuisance. If the condition constituting the nuisance exists, the person responsible for it is liable for the resulting damages to others even though the person acted reasonably to prevent or minimize the deleterious effect of the nuisance.

*Bormann v. Bd. of Sup'rs in and for Kossuth Cty.*, 584 N.W.2d 309, 315 (Iowa 1998) (internal citations omitted). In other words, "nuisance itself simply refers to the result." *Guzman v. Des Moines Hotel Partners, Ltd. P'ship*, 489 N.W.2d 7, 11 (Iowa 1992). Negligence may or may not be the cause of the result. *Id.* Thus, a nuisance claim can arise in the absence of negligence.

Here, Kellogg's petition pled nuisance, asserting the city's drainage pipe under Kellogg's property interferes with Kellogg's interest in the private use of her land. For purposes of its motion and this appeal, the city does not dispute Kellogg has incurred frequent flooding problems, incurred damages, and given the city notice of the flooding problem. The record evidence also reflects that Kellogg has experienced at least eight or nine flooding incidents during the period of 2009 through 2015.

A nuisance claim can escape the application of section 670.4(1)(h) if it relates to the repair, maintenance, or operation of a storm sewer system such that it creates a dangerous condition and is an unreasonable interference with an owner's use and enjoyment of the property. *See Hansen*, 378 N.W.2d at 906-07 (holding section 670.4(1)(h) does not provide immunity for a claim based upon the failure to repair, maintain, or operate a storm sewer system); *see also Ellridge v. City of Des Moines*, 144 N.W.2d 283, 288 (Iowa 1966) ("[A] municipality is not liable for damages resulting from a dangerous condition which arises in connection with the operation of a storm sewer system until and unless it has actual or constructive notice of the defect or obstruction and an opportunity to correct it."); *Sparks*, 137 N.W.2d at 911 ("The maintenance of a nuisance is not a governmental function."); *Ryan*, 4 N.W.2d at 442 ("Obviously, a municipality is not empowered to operate such a system in a manner which causes a nuisance."). Moreover, in *Hansen*, the supreme court's statutory interpretation of section 670.4(1)(h) is not limited in its application to only negligence actions premised upon a failure to repair, maintain, or operate. 378 N.W.2d at 906-07. Thus, if Kellogg has established a genuine issue of material fact that a nuisance

was created or was being maintained by the city's operation of the storm sewer without regard to design or specifications defects, to her detriment, the city may be liable.

Courts have also looked to the existence of inherent danger to deduce whether an action is one for negligence or nuisance. *Guzman*, 489 N.W.2d at 11 (finding the failure to maintain a traffic post in a safe condition "was no more than negligence; it was not a nuisance"); *Sparks*, 137 N.W.2d at 911 ("To constitute a nuisance there must be a degree of danger, likely to result in damage, inherent in the thing itself, beyond that arising from mere failure to exercise ordinary care."); *Pietz v. City of Oskaloosa*, 92 N.W.2d 577, 579 (Iowa 1958) (holding there is nothing inherently dangerous in allowing a decayed tree to remain standing in a park, "and, even assuming a failure upon the part of defendants in allowing the tree to remain standing, the most that one would have would be negligence and not nuisance"); *Hall v. Town of Keota*, 79 N.W.2d 784, 790 (Iowa 1956) (holding failure to maintain a former light pole being used to post traffic signs constituted negligence, not nuisance).

In a recent case, *Thoeming v. City of Davenport*, No. 15-1113, 2016 WL 3275239, *3 (Iowa Ct. App. June 15, 2016), this court analyzed whether an action resulting from damage caused by a city sewer system was truly an action for negligence or an action for nuisance. In *Thoeming*, this court determined "a nuisance action requires an allegation and proof of a degree of danger, likely to result in damage, surpassing the mere failure to exercise ordinary care." 2016 WL 3275239 at *4. Thus, because the plaintiffs did not offer evidence to show

the sewer system was in and of itself inherently dangerous, the court held the record did not support the nuisance action. *Id.*

Unlike *Thoeming*, Kellogg has offered evidence of intermittent flooding on her property on at least eight or nine occasions in a seven-year period preceding filing her lawsuit. She has experienced reoccurring flooding near electrical appliances, standing water, and resulting mold. Kellogg does not contend the storm sewer system is a nuisance by itself, but rather asserts by its operation the storm sewer system has created a condition that has placed an unreasonable burden upon her property and creates a dangerous condition, whatever might be the cause.

In determining if a nuisance has been created, we must also consider "priority of location, the nature of the neighborhood, and the wrong complained of*." Patz v. Farmegg Prods., Inc.*, 196 N.W.2d 557, 561 (Iowa 1972). Although the city had priority of location, clearly Kellogg did not purchase her property to institute this lawsuit. She has resided at the location since 2008. There appears to be no dispute that Kellogg's residence is located within a residential district inside the city limits. There is no evidence the home is located in a flood plain. Here, Kellogg argues the city has created a nuisance by intermittent flooding upon her property via the storm sewer. This was not a condition that occurred once or twice but at least eight or nine occasions during a relatively short period of time. "[T]he question whether a nuisance has been created and maintained is ordinarily one of fact, and not law, depending on all attending or surrounding circumstances." *Id.* Considering the evidence in a light most favorable to Kellogg, we conclude Kellogg has established a genuine issue of material fact

showing the city has maintained or created nuisance, and the city is not immune under section 670.4(1)(h).

## IV. Statute of Limitations.

Kellogg also contends the district court erred in granting the city's motion for summary judgment upon concluding the statute-of-limitations barred the action. Pursuant to Iowa Code section 670.5, "a person who claims damages from any municipality . . . shall commence an action therefor within two years after the alleged wrongful death, loss, or injury."

The city argues the statute of limitations began to run in 2009 when Kellogg's basement first flooded and she was first put on notice of the elements of the claim. Because the petition was not filed until 2015, the city contends the action is barred by the statute of limitations. Kellogg asserts the intermittent flooding constitutes a continuing wrong and damages that accrued within the statutory time period, therefore, are recoverable.

Under Iowa law, "where the wrongful act is continuous or repeated, so that separate and successive actions for damages arise, the statute of limitations runs as to these latter actions at the date of their accrual, not from the date of the first wrong in the series." *Hegg v. Hawkeye Tri-County REC*, 512 N.W.2d 558, 559 (Iowa 1994); *see also Eppling v. Seuntjens*, 117 N.W.2d 820, 825 (Iowa 1962) ("[I]ntermittent injuries gave rise to new causes of action when they occurred."). In *Hegg*, the court explained:

> We have considered the nature of a continuing wrong in prior cases. In *Anderson* [*v. Yearous*], 249 N.W.2d [855, 855 (Iowa 1977)], the claimants sought nuisance damages for intermittent flooding caused by a levee on adjacent property. The claimants filed their action more than five years after the structure was

erected. *Id.* at 858. In *Anderson*, we held that for purposes of statute of limitations, erection of the structure was not the determinative date, stating "[w]here resultant injuries are recurring and successive actions will lie, the limitation period runs from the occurrence of each such injury." *Id.* at 860. In *Earl* [*v. Clark*], 219 N.W.2d [491, 491 (Iowa 1974)], we held that a claimant seeking nuisance damages caused by waste drainage from an adjacent feedlot could recover for damages occurring within the five-year period preceding the date of trial.

512 N.W.2d at 560. On this understanding, the *Hegg* court determined damages caused by stray voltage occurring over a number of years were recurring. *Id.*

The city contends Kellogg's claim is barred by the statute of limitations pursuant to the holding in *K & W Electric*. In *K & W Electric*, our supreme court determined the plaintiff's inverse condemnation claim—seeking damages for flooding caused by a highway construction project—was barred by the statute of limitations. 712 N.W.2d at 118-119. The court acknowledged, "Where injuries from the nuisance are intermittent rather than continual, a property owner may bring successive actions to recover damages for each intermittent injury." *Id.* at 118. In contrast, the court noted, "If injuries from a nuisance are of a permanent character and go to the entire value of the estate, there can be but one action, and all damages—past, present, and future—are recoverable therein." *Id.* (quoting *Weinhold v. Wolff*, 555 N.W.2d 454, 462 (Iowa 1996)). The court distinguished the inverse condemnation claim from that of a claim of intermittent nuisance, and determined "conduct resulting in inverse condemnation is analogous to a nuisance causing permanent injury because the injury for which compensation is sought in an inverse condemnation case—loss of the plaintiff's interest in the property—is also permanent in nature." *K & W Elec.*, 712 N.W.2d

at 118. Therefore, the court determined the successive-actions rule did not apply. *Id.*

We find the damages alleged by Kellogg in the underlying nuisance action are more comparable to the damages alleged in *Hegg* and *Anderson*. Kellogg has not filed a cause of action for inverse condemnation damages. The flooding of Kellogg's property is recurring and successive actions will lie. Thus, the two-year statute of limitations began to run from the occurrence of each intermittent flood. As a result, Kellogg's nuisance claim is not barred in its entirety. "Recovery is limited to those actions accruing during the statutory period . . . preceding the inception of the current action for damages." *Hegg*, 512 N.W.2d at 559. As a matter of law, Kellogg is not precluded from recovery of damages for actions accruing within two years prior to the February 25, 2015 petition. We conclude the district court erred in granting summary judgment on the basis the entire action was barred by the statute of limitations.

We have also considered Kellogg's argument that equitable estoppel should prevent the city from utilizing the protection of the statute of limitations. Because there was no evidence of fraud or concealment on behalf of the city, we find this argument without merit. *See Hook v. Lippolt*, 755 N.W.2d 514, 524-25 (Iowa 2008) ("To establish equitable estoppel, the plaintiff must prove by clear and convincing evidence . . . [t]he defendant has made a false representation or has concealed material facts . . .").

### V. Abatement.

Further, Kellogg claims summary judgment should not have been granted because her petition also alleged an abatement claim. Because the district court

determined any claim of nuisance was barred by section 670.4(1)(h) and the statute of limitations, the district court did not separately rule upon Kellogg's abatement claim. Although Kellogg could have filed a motion to amend and enlarge pursuant to Iowa Rule of Civil Procedure 1.904 to require the district court to specifically address the issue, we conclude a ruling on the abatement inheres in the ruling that the cause of action was barred by sections 670.4(1)(h) and the statute of limitations. In light of our decision, we remand the abatement claim for further proceedings.

### VI. Conclusion.

We find a genuine issue of material fact exists, and the district court erred in granting summary judgment on the basis of municipal immunity provided in section 670.4(1)(h). We conclude the district court did not err in granting summary judgment with respect to claims and damages for flooding occurring prior to the two-year period preceding the filing of the lawsuit as they were barred by the statute of limitations, and we affirm the entry of summary judgment as to such claims. Because the claim alleging nuisance damages within the two years preceding the filing of Kellogg's petition was not barred by the statute of limitations, and the city was not entitled to summary judgment on the immunity issue, we reverse. We remand for further proceedings on the nuisance and abatement claims consistent with our opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**



IOWA APPELLATE COURTS

State of Iowa Courts

**Case Number**          **Case Title**
15-2143                  Kellogg v. City of Albia

Electronically signed on 2017-02-08 09:16:26