## WALLACE *et al. v.* CITY OF MUSCATINE.

Where a city is authorized to grade and regulate streets, and in constructing gutters, culverts and drains, the work is left in such an unfinished, careless and negligent state as to cause water to flow upon and injure private property, the city is liable to the owner for the damages.

Where an incorporated company is authorized to do an act ; and where it is so negligently done as to occasion loss and injury to others, the same liability should attach to the corporation, as would attach to an individual under like circumstances.

### *Appeal from Muscatine District Court.*

*Opinion by* HALL, J. The plaintiffs in this case brought their action against the city of Muscatine, to recover damages sustained by the plaintiff, occasioned by the improper and unskillful construction of certain culverts, drains and gutters, made by the city, by which the water was turned, and flowed upon the plaintiffs premises, situate in said city ; and also, that the city, in constructing their works, had left them in an unfinished state, and in such a careless and negligent condition, that a large quantity of water was made to overflow the premises of the plaintiff, occasioning damage, &c.

(a) *Pinkney v. Pinkney, Ante., 3.*

To this petition the defendant filed a demurrer, which was sustained by the court below; and judgment was rendered against the plaintiff. The sustaining of the demurrer is assigned for error.

The power and authority of the city of Muscatine to make the improvements that are alleged to have produced the injury complained of, is not denied; and the only question presented for our decision, is as to the liability of the city for damages occasioned from the improper and negligent manner in which they executed their powers and duties, in making those improvements. It has been contended that a corporation, such as this, is governed by a different principle from that applied to individual citizens, and that it cannot be made liable for acts of non-feasance or negligence of its agents, in the construction of its various improvements. We cannot assent to this doctrine, as being sustained either by reason or authority.

That the legislature can create a corporation, and exempt it from duties or obligations which are denied the natural citizen, may perhaps be true; but unless such privileges are expressly conferred, no court ought to give them, by construction or implication. The tendency of legislation and the decisions of courts, is to maintain equality of rights, whether the interests and duties are exercised by a number of persons associated into a corporation, or by private persons. The true principle should be to make the party liable who had the authority to act, and who authorized the act, that occasioned the damage; especially when the damage is consequential. The necessity that the city authorities should have the power to grade the streets, provide drains, gutters, culverts, and such improvements as the public convenience required, so far as these matters are concerned, cannot be denied, and their authority over such matters should be complete. The interest of the public in the streets and alleys, although it is only an averment, is as perfect as that of a natural person in his fee simple title, and their right to enjoy and

appropriate them to the specific purpose, should not be infringed upon by the real or supposed convenience, or relative interest of any one. The case of *Creal v. the city of Keokuk,* [a] decided by this court, recognized this doctrine, although the opinion in that case does not, perhaps, as thoroughly keep in view the rights of the public to appropriate what is clearly admitted to belong to them, as it does that of the individual citizen. It will be difficult to establish, upon any principle of universal application, a distinction between the rights of one and the rights of many. Why, if the individual citizen has the unlimited right to use his own property in such a manner as may suit his convenience and wishes, without fear of damages from any source—provided he uses proper caution not to directly damage his neighbor—why a public corporation cannot in the same manner appropriate their property, and subject it to their convenience and use, without being subject to exactions and damages, from those who are discommoded or damaged by such legal use of public property, will most certainly be difficult to reconcile upon any general principle.

The negligent or unskillful manner of using or appropriating the property, whereby damage is produced, is to all intents the same to the injured party, whether occasioned by the acts of a private citizen, or a public corporation, and the law protects him equally against both. There can be no difference, in principle, between the "taking of private property for public use," and the demolition and damage produced to his property, by overflowing it with water. This would not be in the use of their own property, but a destruction of the property of others.

The cases cited by counsel for appellant, we think, are clear upon this point.

3 Hill, R., 532 and 612; 2 Denio, R., 434; 3 Com., 460 and 464; 1 Carter, 281.

[a] . *Ante* 47.

The decision of the court below will be reversed, and the cause remanded to the district court for further proceedings.

> Judgment reversed.

*J. Scott Richman*, for appellant.

*J. Butler* and *S. Whicher*, for appellee.