## BONNELL v. SMITH & BRO.

1. **Nuisance**: INTENTION TO CREATE. The question as to whether or not a certain business constitutes a nuisance is not affected by the intention with which it is established or maintained.

2. **Instruction**: EVIDENCE: INTEREST OF WITNESS. An instruction charging a jury that the testimony of witnesses who have no interest in the result of the suit, of equal credibility otherwise, is entitled to more weight than that of interested witnesses, while not erroneous, is apt to mislead the jury, and is hardly to be approved.

*Appeal from Lee District Court.*

THURSDAY, APRIL 8.

ACTION for damages alleged to have been sustained by reason of a nuisance committed in the use of a certain building as a slaughter-house. The building in question is in the city of Fort Madison, and is located about one hundred and eighty-seven feet from the plaintiff's residence. The defendants admit the use of the building for a slaughter-house, but deny that it constitutes a nuisance. There was a trial by jury and verdict was rendered for the defendants. Plaintiff appeals.

*Casey & Hobbs* and *Miller & Son*, for appellant.

*Van Valkenburg & Hamilton* and *Craig & Collier*, for appellees.

ADAMS, CH. J.—I. The plaintiff asked for an instruction, which is in these words: "The defendants, at the time they

1. NUISANCE: intention to create. erected their house, and commenced business, are presumed to have known the effect the use of it would produce upon the plaintiff's · dwelling-house and himself and family. And they must be presumed to have intended that which they might have reasonably supposed would follow, and to have assumed the responsibility of it.

Bonnell v. Smith & Bro.

The erection of the slaughter-house of the defendants, if with the intention or presumed knowledge that the use of the same would result injuriously to the plaintiff, was of itself a wrongful act." The court refused to give this instruction and the refusal is assigned as error.

Upon the question as to whether an act constitutes a nuisance, it is not necessary to inquire into the intention of the person doing the act. The best intentions cannot prevent an act from being a nuisance where it otherwise is such, and the worst intentions cannot make an act a nuisance where it otherwise is not.

The intention might, to be sure, be a proper subject of inquiry upon the question of exemplary damages. But the instruction does not appear to have been asked with that view, nor, under the finding of the jury that there was no nuisance, could it, if it had been so asked, be deemed material?

II. The plaintiff assigns as error the giving of an instruction in these words: "Testimony of witnesses who have no interest in the result of the suit, of equal credibility otherwise, is entitled to more weight than the testimony of interested witnesses."

2. INSTRUC-
TION : evi-
dence : inter-
est of witness.

The statute allows the interest of a witness to be shown, if it does not otherwise appear, for the purpose of lessening the witness' credibility. The fact of interest, then, is to be considered by the jury as tending to lessen the witness' credibility. It follows, we think, that the testimony of an interested witness should be regarded as overcome by the testimony of a disinterested witness whose credibility in all other respects is equal. We cannot, therefore, hold the instruction to be erroneous. At the same time it appears to us that it would have been quite as well, if not better, to have withheld it. There is danger that a jury may too readily conclude that two conflicting witnesses are of equal credibility aside from interest, and allow interest to determine the preponderance in too mechanical a way. Absolutely equal credibility is hardly to be predicated of any two witnesses. All persons differ in

mental perceptions, attention and memory. They differ also in their standpoints of observation. Testimony differs in inherent probability. This every juror knows, and we think that an instruction like the one in question is as likely to mislead as to aid him.

III. It is insisted that the verdict is contrary to the evidence. It seems to us that there was a full and fair investigation of all the objections urged against the slaughter-house, as affecting the plaintiff. Over seventy witnesses were examined. Without setting out the evidence, it is sufficient to say that in our opinion it supports the verdict, and the judgment must be

AFFIRMED.