A. C. IVERSON et ux., appellees, v. TOM VINT, JR., appellant.

No. 48085.

(Reported in 54 N.W.2d 494)

July 28, 1952.

Diamond & Jory, of Sheldon, for appellant.

Corcoran & Kennedy, of Sibley, for appellees.

OLIVER, J.—Plaintiffs owned and occupied as their home a 4.95-acre tract, a short distance north of Rock Rapids. Defendant operated a feed mill upon an adjacent railroad right of way. He used molasses in the manufacture of certain stock foods. This was kept in a concrete pit. Some of it crystallized into a lumpy liquid and became unusable. Defendant caused this (he estimated 2000 gallons) to be dipped from the pit into a wagon and dumped into a ditch along the railroad right of way, about eighty-five yards from plaintiffs' dwelling house and well. There was evidence the ditch was four to eight feet wide and the deposit of molasses was one to three feet deep and one hundred to one hundred fifty feet long. Plaintiffs' petition alleged this created a nuisance, in that the molasses percolated into the subterranean waters beneath plaintiffs' premises, polluted and contaminated plaintiffs' well and rendered its waters unfit for use.

Trial to the court resulted in judgment for plaintiffs for $800. Upon the general question of liability for the pollution of percolating waters the court cited 56 Am. Jur. 604, Waters, section 122; 67 C. J. 843, Waters, section 261; Beatrice Gas Co. v. Thomas, 41 Neb. 662, 59 N.W. 925, 43 Am. St. Rep. 711; annotations in 55 A. L. R. 1429 and 109 A. L. R. 406, and quoted from 55 A. L. R. 1429:

"It seems to be a well-established general rule, supported by the great weight of authority, and followed even in jurisdictions which adhere most strictly to the common-law rule of absolute ownership in percolating waters, or lack of ownership, that one who, by permitting the pollution of his soil or the water

therein contained, contaminates the underground source supplying water to his neighbor's well or spring, permits an act for which he may be required to respond in damages * * *."

Among Iowa decisions cited are DeBok v. Doak, 188 Iowa 597, 176 N.W. 631, a diversion case, and Payne v. Wayland, 131 Iowa 659, 109 N.W. 203, in which a cemetery which would pollute the water supply of neighbors was held to constitute a nuisance.

Upon appeal defendant contends the dumping of the spoiled molasses into the ditch was a lawful, reasonable and customary use of his plant and premises by a manufacturer of animal feeds and "cannot constitute a nuisance as a matter of law." The only error assigned is based upon the asserted overruling of that contention in defendant's motions for judgment. However, it appears no such contention was made in such motions. On that account a reversal could not be based thereon. Nor would defendant have been entitled to judgment on that ground.

Defendant's contention the dumping of the molasses was proper and hence could not constitute a nuisance was predicated upon his testimony:

"It is common practice with feed manufacturers * * * to dump it wherever they can. We dumped it where it was most convenient. Most manufacturers dump it on the premises if they are out where they have land where they can do it. I don't know of any other way we could dispose of it. To my mind there is nothing in this molasses that is intrinsically dangerous to human beings. * * * There was no other way at my command to dispose of this crystallized molasses. * * * I had no idea that the dumping of the molasses would contaminate a well 85 yards away. * * * It was not my thought or in my mind that anyone would be injured or inconvenienced by our dumping the molasses as we did. * * * It is common practice to dispose of it in the manner I did. * * * After it is dumped out on the ground I imagine it deteriorates like anything else, and possibly some of it could be absorbed into the ground. * * * At the time * * * I think the city dump was * * * about 1¼ to 1½ miles from our plant."

■ Evidence of the custom or common usage of a business or occupation is generally admissible on the question of negligence, although it is not a conclusive test. Wood v. Tri-States

Theater Corp., 237 Iowa 799, 807, 23 N.W.2d 843. However, such evidence is ordinarily inadmissible where the act itself is clearly careless or dangerous. Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 1263, 30 N.W.2d 97, 103; 65 C. J. S., Negligence, section 16, page 406; 38 Am. Jur., Negligence, section 319.

The evidence relied upon in the case at bar does not show a custom to exercise care in the disposal of large quantities of spoiled molasses. On the contrary, it shows the absence of any precautions—"It is common practice * * * to dump it wherever they can. We dumped it where it was most convenient." The failure to exercise any precautions in the disposal of this mass of molasses would indicate negligence rather than reasonable care.

Moreover, this action is for damages from nuisance and is not predicated upon negligence. Section 657.1, Code of Iowa 1950, provides: "Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance * * *."

Bowman v. Humphrey, 132 Iowa 234, 236, 109 N.W. 714, 715, 6 L. R. A., N. S., 1111, 11 Ann. Cas. 131, points out:

"Nuisance is a condition, and not an act or failure to act on part of the person responsible for the condition. If the wrongful condition exists, and the person charged therewith is responsible for its existence, he is liable for the resulting damage to others, although he may have used the highest possible degree of care to prevent or minimize the deleterious effects. * * * True, a nuisance may arise, or be created either by a positive wrongful act, or by the neglect of some duty of prevention. The negligence, if any, may usually be proved, not as being itself essential to the right of recovery, but for the purpose of fixing the responsibility for the existence of the condition which constitutes the cause of complaint."

To the same effect is the text in 39 Am. Jur., Nuisances, section 24, pages 304–306. See also Ryan v. City of Emmetsburg, 232 Iowa 600, 4 N.W.2d 435. Nor is the existence of a nuisance affected by the intention of its creator not to injure anyone.

Bonnell v. Smith & Bro., 53 Iowa 281, 5 N.W. 128; 66 C. J. S., Nuisances, section 10.

Defendant does not question the sufficiency of the evidence to show the molasses dumped into the ditch caused the water in plaintiff's well to develop a foul, unpleasant taste and odor, and a yellow color, which made it unfit for drinking or household use. The asserted custom of his business and his intention to injure no one would not insulate him from liability for the resulting damage.—Affirmed.

All JUSTICES concur.