Vernon HARTZLER and Virginia Hartzler, Appellees,

v.

The TOWN OF KALONA, Iowa, and French Associates, Inc., Appellants.

Wayne W. DUWA and Virginia A. Duwa, Appellees,

v.

The TOWN OF KALONA, Iowa and French Associates, Inc., Appellants.

No. 56169.

Supreme Court of Iowa.

May 22, 1974.

Tracy E. Anderson, Kalona, for appellants.

John Nolan, Iowa City, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Can permanent nuisance damages be awarded in a law action against a municipality for maintaining a sewage lagoon? We believe they can and accordingly affirm jury verdicts awarding them.

Vernon Hartzler and Wayne Duwa (plaintiffs) brought this action against the

town of Kalona (defendant) on the claim their properties were damaged as a result of defendant's sewage lagoons. The lagoons were adjacent to plaintiffs' properties on which they reside and it is claimed their existence and operation constituted a permanent nuisance. The nuisance claim was grounded on assertions the lagoons diminished the value of plaintiffs' properties, injured their health and well-being and deprived them of comfort. Plaintiffs specifically complain of odors which began in the spring of 1970 (the first year of operation) and recurred on following springs. It was described as being like rotten eggs. The site was approved by the Iowa state department of health.

The factual dispute was rather limited. Expert testimony established the lagoons are capable of producing odors when the ice goes off in the spring. It is claimed this can be controlled by use of chemicals, or by controlling the flow, or by use of mechanical aeration devices. Testimony of plaintiffs' witnesses showed odors in the spring of 1970, 1971, and 1972 and in August of 1970. Defendant's witnesses admitted odors in the spring and August of 1970 and in the spring of 1971 but denied their existence in 1972. Defendant used chemicals at various times in an effort to prevent the odors. The plaintiffs complained the odors caused embarrassment and their experts testified to the loss of market value to the properties. Defendant's experts testified the lagoons would not affect the value of the properties. Defendant's experts also offered testimony to show the lagoons were constructed in accordance with sound engineering principles.

Plaintiffs elected to assert their claims in law actions for damages. The actions were tried to a jury which was allowed to consider claims for both temporary and permanent damages. The jury found for defendant on the claims for temporary damages but for plaintiffs on the claim for permanent damages.

Defendant's four assignments urge and are controlled by one legal question. May permanent damages be allowed in a law action alleging nuisance for the construction and operation of a sewage lagoon?

■ I. As a preliminary matter we should comment separately on defendant's argument the trial court should not have submitted to the jury an alternative verdict which would have allowed damages for a temporary nuisance. The record shows defendant objected to the instructions on the sole ground they allowed permanent nuisance damages. Any complaint against the alternative submission of temporary damages was thereby waived. Pose v. Roosevelt Hotel Company, 208 N.W.2d 19 (Iowa 1973).

■ II. Defendant argues the disputed question is one of law. If it is a factual dispute we are bound by the jury's findings. Findings of fact in a law action are binding upon us if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure.

Perhaps the most striking and changeless characteristic of nuisance law is its cloudiness. It is conceded "[i]t may be well to note * * * the law of nuisance has not developed with the clarity of other areas of law, such lack of clarity being in part real and in part only apparent." Annot., Nuisance-Balancing of Convenience, 40 A.L.R.3d 601, 605–606. See also Riter, v. Keokuk Electro-Metals Co., 248 Iowa 710, 82 N.W.2d 151.

Our recent decisions on nuisance claims include Helmkamp v. Clark Ready Mix Company, 214 N.W.2d 126 (Iowa 1974); Kriener v. Turkey Valley Community School Dist., 212 N.W.2d 526 (Iowa 1973); Patz v. Farmegg Products, Inc., 196 N.W.2d 557 (Iowa 1972), and Bates v. Quality Ready-Mix Co., 261 Iowa 696, 154 N.W.2d 852. Whatever the confusion in early decisions the following principles are now well established:

"* * * [T]his court has repeatedly held, a sewage disposal facility is not a nuisance per se but may become a nuisance

in fact or per accidens by reason of particular circumstances and location. See e. g., Bader v. Iowa Metropolitan Sewer Company, 178 N.W.2d 305, 307 (Iowa 1970). See also 58 Am.Jur.2d, Nuisances, § 12; 66 C.J.S. Nuisances § 3.

" 'Touching on the matter at hand we held, in Iverson v. Vint, 243 Iowa 949, 952, 54 N.W.2d 494, an action for damages from nuisance is not predicated on negligence. It is a condition, not an act or failure to act. If the wrongful condition exists, the person responsible for its existence is liable for resulting damage to others. See also 12 Drake L.Rev. 108.' Claude v. Weaver Construction Co., 261 Iowa 1225, 1229, 158 N.W.2d 139 (1968). See generally Prosser on Torts, § 87 at 573–577 (4th ed. 1971); 58 Am.Jur.2d, Nuisances, §§ 3, 34; 66 C.J.S. Nuisances §§ 3, 11.

"It is to be additionally understood the burden was on plaintiffs to establish by a preponderance of evidence the existence of a defendant created nuisance which was a proximate cause of resultant damages to person or property as alleged. (Authorities).

"Generally, however, [proximate] cause is determinable by the trier of facts. See Iowa R.Civ.P. 344(f)(10)." Kriener v. Turkey Valley Community School Dist., supra, 212 N.W.2d at 531–532.

Defendant insists the case must turn upon the distinction between permanent and temporary nuisances, citing Ryan v. City of Emmetsburg, 232 Iowa 600, 4 N.W.2d 435. Notwithstanding our holding in Ryan v. City of Emmetsburg, we believe the question of whether a nuisance is permanent or temporary is one of many questions which should ordinarily be determined by the trier of fact. We now approve the following:

"It is * * * for the jury to determine, as a question of fact, whether the defendant's acts were the proximate cause of the plaintiff's injury, whether the extent or degree of injury or annoyance is such as to constitute a nuisance, whether the plaintiff suffered the loss of the ordinary use and enjoyment of his home, so as to entitle him to damages, whether a nuisance is permanent or temporary, and where exemplary damages are sought, whether the defendant acted with malice or in reckless disregard of the rights of others." 58 Am.Jur.2d, Nuisances, § 141, page 713.

In accordance with these rules, and without pretending our more recent pronouncements can be entirely reconciled with earlier ones, we believe a factual question was properly presented to the jury on plaintiffs' claim. We reject defendant's contention a law action will not lie for nuisance damages resulting from the maintenance of a sewage lagoon. The developed rule is much more limited. A sewage disposal facility is not a nuisance per se but may become one in fact. The jury obviously found this facility became a nuisance in fact. There was no error in submitting the claims to the jury.

Affirmed.