Marvin SCHOLBROCK and Lorraine Scholbrock, and David Trower and Sharrol Trower, Appellants,

v.

CITY OF NEW HAMPTON, Iowa, Appellee.

No. 84–1164.

Supreme Court of Iowa.

May 22, 1985.

Frank H. Holschlag, New Hampton, for appellants.

C. Bradley Price of Devries & Scholes, Mason City, for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

The plaintiffs, homeowners in the City of New Hampton, brought this law action against the city contending that they were damaged when a city sanitary sewage line backed up and discharged sewage into their basements. The trial court twice granted the city summary judgment: first, because they had not given the city notice of their tort claim; and second, because the city could not be held liable on plaintiff's theory of breach of an implied contract to provide sanitary sewage service. Plaintiffs appeal only from the second ruling. We affirm.

Plaintiffs filed their petition at law on August 10, 1982, approximately two years after the sewer line connected to their homes allegedly malfunctioned. They alleged that the city breached its "duty of proper maintenance and operation" of the sewage collection system. The trial court found that the petition sounded in tort and held that plaintiffs had failed to file a written notice upon the city within sixty days after the incident occurred, or to commence its action within six months of that mishap, as required by Iowa Code § 613A.5. Accordingly, the city's first motion for summary judgment was granted.

Plaintiffs thereafter amended their petition to allege:

Each of the plaintiffs has contracted with the defendant for the provision of public utilities services, including sewage collection and removal services.... [Defendant] owed a duty of property maintenance and operation thereof to plaintiffs under contract.

Plaintiffs have conceded that the purpose of the amendment was to allege breach of an implied contract rather than negligence in order to avoid the requirements of Iowa Code section 613A.5. Once again the trial court granted the city's motion for summary judgment, holding that plaintiffs could not recover on their implied contract theory because the city could only be held liable in tort for the damages claimed.

Plaintiffs contend that the summary judgment record was adequate to support their contractual claim for damages. We review the summary judgment record in the light most favorable to plaintiffs, giving them the benefit of all favorable inferences which may be drawn from the facts presented. *State Farm Mutual Automobile Insurance Co. v. Pflibsen*, 350 N.W.2d 202, 205 (Iowa 1984); *Tasco, Inc. v. Winkel*, 281 N.W.2d 280, 282 (Iowa 1979). The rather sparse record here consists primarily of the parties' pleadings and answers to written interrogatories explaining how and why the backup occurred. Apparently on August 10 to 12, 1980, the city's sewage-handling system became overloaded and overflowed at the time of a heavy rainfall. Plaintiffs stated that the sewer system

lacked sufficient flow capacity and was subject to ground water infiltration. They base their damage claims on the city's failure to correct the condition and properly maintain the adequacy of flow in the system. Plaintiffs assert that their contracts with the city consisted of their written applications for utility service in which they promised to pay for utility services, including electric, water, sewer, and gas, and the city's corresponding promise to provide that service.

■ Iowa courts have long recognized that a municipality which provides drains and sewers to its residents may be liable in tort if it fails to exercise reasonable skill and care in providing that service. *See, e.g., Hemminger v. City of Des Moines,* 199 Iowa 1302, 1305–06, 203 N.W. 822, 823–24 (1925) (recognizing legal sufficiency of claim against city for negligent construction of sanitary sewer); *Hines v. City of Nevada,* 150 Iowa 620, 625–26, 130 N.W. 181, 183–84 (1911) (permitting homeowner to recover damages for sewage backup which constituted creation of a nuisance by the city); *Wallace v. City of Muscatine,* 4 Greene 373, 375 (Iowa 1854) (permitting flooded landowner to recover · damages caused by city's unskillful construction and maintenance of culverts, drains and gutters); *cf. Iowa Power & Light Co. v. Board of Water Works Trustees,* 281 N.W.2d 827, 831 (Iowa 1979) (municipality strictly liable in tort for damage caused by break in water main); *Lubin v. City of Iowa City,* 257 Iowa 383, 389–93, 131 N.W.2d 765, 769–71 (1965) (same). At the same time, we have held that a city is not an insurer in providing sanitary sewer service and is liable only for negligence in the performance of its duty owed to the public. *Hemminger v. City of Des Moines,* 199 Iowa at 1306, 203 N.W. at 824; *see Meeker v. City of Clinton,* 259 N.W.2d 822, 830 (Iowa 1977) ("[A] municipality is not an insurer of the condition of its drains and watercourses."); *see generally* 57 Am.Jur.2d *Municipal, School, and State Tort Liability* § 208, at 188–89 (1971):

The law is well settled that a municipality, while not an insurer of the safe condition of its sewers, is liable for damages resulting from its failure to exercise ordinary or reasonable care to keep them in repair and free from obstructions.

■ Plaintiffs have not cited a single authority supporting the application of implied contract principles to these facts, a theory which would be the equivalent of requiring a municipality to insure against damage from sewer backup. We choose not to be the first jurisdiction to permit such a result. The duty owed by the city in maintaining a sanitary sewer system is more appropriately measured by tort law than by a concept of implied contract arising from the user's obligation to pay for city services.

Like the trial court, we find persuasive the decision of the North Carolina Court of Appeals in *Ward v. City of Charlotte,* 48 N.C.App. 463, 269 S.E.2d 663 (1980). The facts there were nearly the same as those here. Homeowners brought an action against the city for a sewer system backup, basing their claim not just on negligence but also on breach of contract, breach of implied warranty, and trespass on the case arising from a backflow of sewage into their homes. The court affirmed a directed verdict for the defendant city, concluding that plaintiffs had not established any breach of duty arising from tort and were not entitled to recover on any other theory. The court stated:

> In accord with the prevailing rule that the sole basis of municipal liability for damages caused by the overflow of a sewerage system is negligence, *see* Annot. 59 A.L.R.2d 281 § 2, p. 288 (1958), we hold that none of these grounds afford plaintiffs the right to relief. The application of any one of them to a case such as is presented here would effectively make a municipality an absolute insurer of the condition of its sewerage system. This we decline to do.

48 N.C.App. at 469, 269 S.E.2d at 667.

Plaintiffs cite two cases which discuss contractual duties in connection with the

furnishing of sanitary sewer service, but the facts in those cases differ markedly from the facts here. In *Bankston v. Pulaski County School District*, 281 Ark. 476, 665 S.W.2d 859 (1984), homeowners were permitted to maintain their action against a school district and other persons for fire damages caused by the district's alleged installation of a defective septic tank which was part of their sewer system. The court concluded that the plaintiff's complaint stated a cause of action for contract damages based on an implied warranty of fitness for habitation. The school district had itself contracted to build the home, a circumstance which clearly distinguishes that Arkansas case from the facts here. 281 Ark. at 477, 665 S.W.2d at 862. That case is more like *Semler v. Knowling*, 325 N.W.2d 395, 398–99 (Iowa 1982), where our court permitted an apartment owner to recover on a theory of implied warranty from the contractor who installed a defective pipeline connecting the apartment with a municipal sewer system. Such implied warranty cases are factually dissimilar from this case and provide no support for plaintiffs' implied contract claim against the city.

Also inapposite is the case of *City of Des Moines v. City of West Des Moines*, 239 Iowa 1, 30 N.W.2d 500 (1948), in which our court refused to void an express contract through which one municipality was required to dispose of sewage collected by another municipality under the terms of a written contract. That case turned on the analysis of the duties of those two municipalities to each other arising from the express contract which was sanctioned by legislation enacted "for the special benefit of the two cities." 239 Iowa at 9, 30 N.W.2d at 505. Neither the holding nor discussion in that case supports plaintiffs' implied contract theory.

■ We hold that an Iowa municipality which undertakes to provide a sanitary sewer system owes users of the system a duty to exercise reasonable care in providing that service. Recovery for damages caused by the failure of that system may be premised on a tort theory but not on a theory of implied contract arising out of the obligation to pay for the service.

■ The trial court properly granted summary judgment dismissing plaintiff's amended claim for damages.

AFFIRMED.