**IN THE COURT OF APPEALS OF IOWA**

No. 15-1113
Filed June 15, 2016

**TODD THOEMING, CHRISTINE THOEMING,
JAMES CHAPMAN, and BRITTNEY CHAPMAN,**
　　　Plaintiff-Appellants,

**vs.**

**THE CITY OF DAVENPORT, IOWA, WILLIAM
E. GLUBA, and MICHAEL CLARKE,**
　　　Defendant-Appellees.
_____

　　　Appeal from the Iowa District Court for Scott County, Mark R. Lawson (partial summary judgment) and Mark J. Smith (trial), Judges.

　　　Homeowners appeal a partial summary judgment ruling dismissing their nuisance claim. **AFFIRMED**.

　　　John T. Flynn of Brubaker, Flynn & Darland, P.C., Davenport, and Michael J. Meloy of Meloy Law Office, Bettendorf, for appellant.

　　　Jason J. O'Rourke and James W. White of Lane & Waterman, L.L.P., Davenport, for appellee.

　　　Heard by Tabor, P.J., and Mullins and McDonald, JJ.

**TABOR, Presiding Judge.**

We are asked to decide if the district court properly rejected a nuisance claim brought by the homeowners against the city of Davenport after its sanitary sewer system twice backed up into their basements following heavy rains in the spring of 2013. While we disagree with the legal analysis employed by the district court in summarily dismissing the homeowners' nuisance theory, we agree the claim could not be sustained in the circumstances of this case and affirm.

## I.      Facts and Prior Proceedings

Raw sewage flowed from the city's sanitary sewer lines into the basements of the homeowners following downpours on April 17 and 18, 2013, and again on May 26 and 27, 2013. The homeowners suffered damages to drywall, paneling, carpeting, furniture, and appliances during these two incidents. The sewage, which contained human waste, was "offensive to the senses" and constituted a health hazard. The homeowners sued the city in August 2013, asserting theories of negligence, nuisance, and strict liability in count I.[1] Regarding their nuisance theory, the homeowners alleged: "The present condition of [the city's] sanitary sewer system and storm water system constitutes a nuisance" under the Iowa Code.

In response to the city's motion for partial summary judgment, the district court dismissed the homeowners' claim based on strict liability. The city filed another motion for partial summary judgment in January 2015, alleging Iowa law

---

[1] In March 2014, the homeowners voluntarily dismissed their count II claim for breach of contract.

does not recognize a nuisance cause of action against a municipality "with regard to sewer backup through the sewer lines of the city into a private home." The homeowners resisted, claiming under both statutory and common law theories of nuisance, the city was liable because it "operated the system in a manner that created a nuisance." The homeowners' factual statement in support asserted city officials had publicly stated the city "has had sewer problems due to heavy rainfalls for many years."

In a March 16, 2015 ruling granting the city partial summary judgment on the nuisance claim, the district court recognized that generally, a nuisance theory "may lie" against the city. *See Sparks v. City of Pella*, 137 N.W.2d 909, 911 (Iowa 1965) ("The maintenance of a nuisance is not a governmental function."); *Ryan v. City of Emmetsburg*, 4 N.W.2d 435, 442 (Iowa 1942) (stating a city "[o]bviously" is "not empowered to operate such a system in a manner which causes a nuisance"). But the district court relied on *Scholbrock v. City of New Hampton*, 368 N.W.2d 195, 197 (Iowa 1985), to distinguish sewer back-up cases from Iowa cases recognizing a nuisance involving open-air sewage lagoons, such as *Kriener v. Turkey Valley Community School District*, 212 N.W.2d 526, 536 (Iowa 1973) (holding school's maintenance of sewage lagoon constituted "a substantial odor-related private continuing nuisance") and *Hines v City of Nevada*, 130 N.W. 181, 184 (Iowa 1911) (holding city discharging its sewage "in the immediate vicinity of the plaintiff's home" created a nuisance). The district court reasoned "a cause of action for nuisance in a sewer back-up case would require the city to serve as an insurer in providing sanitary sewer service. Rather, Iowa courts have held that municipalities are only liable for negligence."

In April 2015, the district court held a jury trial on the homeowners' negligence claim. Despite the court's pretrial rulings, the homeowners submitted three proposed jury instructions on nuisance to the court.[2] The court declined to instruct on nuisance and instructed on negligence. The jury found the city was not negligent in its maintenance and operation of the sewer system. In their motion for new trial, the homeowners renewed their argument the court should have submitted their nuisance claim to the jury. The court denied the motion, again relying on *Scholbrock*. The homeowners now appeal, challenging the district court's summary rejection of their nuisance claim.

## II.    Scope and Standard of Review

We review the grant of summary judgment for errors at law. *Baker v. City of Ottumwa*, 560 N.W.2d 578, 582 (Iowa 1997). Pure questions of law are ripe

---

[2] Plaintiff's proposed jury instruction E stated:
> The plaintiff must prove all of the following propositions to prove nuisance:
> 1.    The [city] created or allowed a nuisance to the plaintiff's properties by maintaining and operating the sanitary sewer system of the City of Davenport serving the plaintiffs' properties, which was not in working order and which allowed raw sewage to back up from the sewer line serving the plaintiffs' properties into the basements of their houses.
> 2.    The [city's] nuisance was a cause of damage to the plaintiff.
> 3.    The amount of damage.
> If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages.

Plaintiff's proposed jury instruction F stated:
> A nuisance is whatever is injurious to one's health, is indecent, or is unreasonably offensive to the senses or is an obstruction to the free use of property that interferes unreasonably with the comfortable enjoyment of one's life or property. If you find that [the city] created a nuisance on plaintiffs' properties then you must award plaintiffs monetary damages.

Plaintiff's proposed jury instruction G stated:
> If you find that the [city's] sanitary sewer line serving the plaintiffs' residences created a nuisance, then you must find that the [city] is liable for the plaintiffs' damages caused by the backup of raw sewage into the plaintiffs' basements.

for summary disposition. *Bob McKiness Excavating & Grading, Inc. v. Morton Bldgs., Inc.*, 507 N.W.2d 405, 408 (Iowa 1993). Summary judgment is also proper when the record reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). The non-moving parties, here the homeowners, are entitled to have the evidence viewed in the light most favorable to their position. *See Luana Sav. Bank v. Pro-Build Holdings, Inc.*, 856 N.W.2d 892, 895 (Iowa 2014).

"[W]e are obliged to affirm an appeal where any proper basis appears in the record for a trial court's judgment, even though it is not one upon which the court based its holding." *Grefe & Sidney v. Watters*, 525 N.W.2d 821, 826 (Iowa 1994); *see Barry v. Milbank Mut. Ins. Co.,* 188 N.W.2d 326, 330-31 (Iowa 1971) (upholding district court's conclusion where it was right, "even though for a wrong reason"); *see also Gen. Motors Acceptance Corp. v. Keil*, 176 N.W.2d 837, 842 (Iowa 1970) ("Many a learned court is occasionally right for the wrong reason . . . .").

## III. Analysis

After receiving an unfavorable verdict on their negligence claim, the homeowners seek to resurrect their nuisance claim. On appeal, both parties point to *Scholbrock*, a case involving sewage backing up into the homeowners' basements. 368 N.W.2d at 196. When the district court in *Scholbrock* dismissed the homeowners' tort claims for failure to give the appropriate notice, the homeowners amended their petition to allege breach of an implied contract. *Id.* As acknowledged by the city's attorney during oral argument, a nuisance claim was not before the court in *Scholbrock*. *See id.* at 198. Accordingly, *Scholbrock*

did not abolish nuisance as a cause of action in cases involving sewer backups. *See id.* (holding plaintiffs' damages caused by failure of the sewage system "may be premised on a tort theory but not on a theory of implied contract").

More than a century of Iowa precedent accedes that residents may seek redress for harm caused by city sewer systems under a nuisance theory. *See Hines*, 130 N.W. at 183-84 (upholding jury verdict finding city liable for creating a nuisance by constructing a sewer line ending near the plaintiff's home); *see, e.g.*, *Hartzler v. Town of Kalona*, 218 N.W.2d 608, 609-10 (Iowa 1974) (holding odors from sewer lagoon could be nuisance in fact); *Newton v. City of Grundy Ctr.*, 70 N.W.2d 162, 165 (Iowa 1955) (finding district court erred in dismissing the landowner's nuisance complaint against city for emitting offensive materials into his creek).

A nuisance is defined by statute to include, in part, "[w]hatever is injurious to health, indecent, or unreasonably offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere unreasonably with the comfortable enjoyment of life or property." Iowa Code § 657.1(1) (2013). Our code lists certain conditions and conduct deemed to be a nuisance, including "[t]he causing or suffering any offal, filth, or noisome substance to be collected or to remain in any place to the prejudice of others." *Id.* § 657.2(2). These statutes do not modify the common law, they expand upon it. *See Freeman v. Grain Processing Corp.*, 848 N.W.2d 58, 67 (Iowa 2014).

In analyzing the homeowners' position here, it is important to recognize negligence and nuisance are distinct theories. *See Dalarna Farms v. Access Energy Coop.*, 792 N.W.2d 656, 659 (Iowa 2010) (stating "nuisance lawsuits in

Iowa need not necessarily be based on negligent conduct"); *Ryan*, 4 N.W.2d at 440 (stating negligence "was not essential" to nuisance claim). Specifically, "[a] nuisance may be created as a result of negligence but proof of negligence is not required in all actions for nuisance." *Sparks*, 137 N.W.2d at 911. But telling these torts apart can be tricky—"[i]t is often difficult to distinguish between negligence and nuisance." *Hall v. Town of Keota*, 79 N.W.2d 784, 790 (Iowa 1956). The supreme court explained the distinction in *Bormann v. Board of Supervisors*, stating:

> Negligence is a type of liability-forming *conduct*, for example, a failure to act reasonably to prevent harm. In contrast, nuisance is a liability-producing *condition*. Negligence may or may not accompany a nuisance; negligence, however, is not an essential element of nuisance. If the *condition* constituting the nuisance exists, the person responsible for it is liable for resulting damages to others even though the person acted reasonably to prevent or minimize the deleterious effect of the nuisance.

584 N.W.2d 309, 315 (Iowa 1998) (emphasis added) (citations omitted); *see Ryan*, 4 N.W.2d at 439 (stating nuisance is "a condition"); *Bowman v. Humphrey*, 109 N.W. 714, 715 (Iowa 1906) (stating nuisance is "a condition," not an act or failure to act on the party responsible for the condition). "In other words, nuisance simply refers to the results; negligence *might* be the cause." *Martins v. Interstate Power Co.*, 652 N.W.2d 657, 661 (Iowa 2002) (emphasis added).

To distinguish nuisance and negligence, we recognize that "to constitute a nuisance, 'there must be a degree of danger (likely to result in damage) *inherent* in the thing itself,'" beyond the degree of danger "arising from mere failure to exercise ordinary care." *Martins*, 652 N.W.2d at 661 (citations omitted); *see Dalarna Farms*, 792 N.W.2d at 659 (recognizing "inherent danger" distinguishes

nuisance and negligence); *Guzman v. Des Moines Hotel Partners, Ltd. P'ship*, 489 N.W.2d 7, 11 (Iowa 1992) (stating "inherent danger" for nuisance claim was not met where alleged failure to maintain lawful traffic post in a safe condition "was no more than negligence; it was not a nuisance" and therefore, court erred in submitting the issue of nuisance as a separate theory); *Sparks*, 137 N.W.2d at 911 (discussing "inherent danger" in a nuisance action); *Pietz v. City of Oskaloosa*, 92 N.W.2d 577, 579-80 (Iowa 1958) (discussing "inherent danger" in a nuisance context); *Hall*, 79 N.W.2d at 790 (setting out "inherent danger" distinction and ruling negligence was a proper theory for recovery but "[f]ailure to maintain [the traffic post] in a safe condition, if there was such failure, was no more than negligence; it was not a nuisance" and the court properly sustained alleged failure to plead a nuisance).

Here, the homeowners allege the private nuisance[3] is "the present condition of the city's sanitary sewer system and storm water system." More broadly, they argue their evidence would have shown the city's "operation of its sanitary sewer system by leaving sanitary sewer pipe in the ground beyond the useful life expectancy of the sewer pipe constitutes a permanent nuisance to [their] property." When asked at oral argument what constituted the nuisance in this case, counsel for the homeowners identified "the raw sewage backup" as the offending condition.

---

[3] Iowa case law distinguishes public nuisances from private nuisances. *See Guzman*, 489 N.W.2d at 10. A public nuisance is "a species of catchall criminal offenses" "interfering with the rights of a community at large." *Id.* A private nuisance is a civil wrong based on a disturbance of property rights. *Id.*

Even if the district court mistakenly ruled nuisance was not a viable legal theory in sewer backup cases after *Scholbrock,* the question remains whether summary judgment on the nuisance claim alleged by these homeowners was appropriate if their pleadings and resistance did not show a genuine issue of material fact and the city, as the moving party, was entitled to judgment as a matter of law. Whether a nuisance has been created is ordinarily a fact question. *Martins*, 652 N.W.2d at 660. But we can resolve this matter on summary judgment if the record reveals the only conflict concerns the legal consequences of undisputed facts. *See City of Fairfield v. Harper Drilling Co.*, 692 N.W.2d 681, 683 (Iowa 2005).

This court has entertained the possibility that homeowners could prove a city created a nuisance in the context of three sewer backups into a basement. *See Selke v. City of Waterloo*, No. 98-0889, 1999 WL 711442, at *1 (Iowa Ct. App. July 23, 1999). The *Selke* homeowners' negligence count was dismissed, and the case proceeded to trial solely on a nuisance theory. *Id.* Similar to the affidavits presented to the district court here, the *Selke* homeowners testified "they believed the backups were caused by a lack of maintenance on the part of the city," and the jury returned a nuisance verdict in favor of the homeowners for one backup. *Id.* at *2.

On appeal, we observed the homeowners offered no evidence "the Waterloo sewer system was in and of itself inherently dangerous" and concluded the homeowners had not met their "immense burden to prove the existence of the sewer line was in and of itself a nuisance." *See id.*; *see also Pietz*, 92 N.W.2d at 579-80 (discussing "inherent danger" and rejecting nuisance claim

based on an unsafe tree that fell because "[t]here is nothing inherently dangerous in a live tree standing in a park and, even assuming a failure upon the part of [the city] in allowing this tree . . . the most one would have would be negligence and not a nuisance").

Similar to *Selke*, the factual circumstances of the sewer backups are undisputed here; the only conflict is the legal consequence resulting from those facts.  In resisting the city's motion for summary judgment on their nuisance claim, the homeowners failed to point to any allegations the city's sewer system was "inherently dangerous" and also failed to provide affidavits or other evidence raising a question of fact as to whether the city's sewer system was "in and of itself inherently dangerous."  *See id.*  While we sympathize with the homeowners who suffered damage to their property, a nuisance action requires an allegation and proof of a degree of danger, likely to result in damage, surpassing the mere failure to exercise ordinary care, and there is nothing in the record to create a fact question on whether the city's sewer system was "inherently dangerous" and thus, a nuisance.  *See Sparks*, 137 N.W.2d at 911.

**AFFIRMED.**