# IN THE COURT OF APPEALS OF IOWA

No. 18-2008
Filed November 6, 2019

**GEORGE J. SALURI and CANDACE C. SALURI,**
    Plaintiffs-Appellants,

**vs.**

**JAY R. BUCKLEY and CATHY BUCKLEY,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

Plaintiffs appeal the district court decision granting summary judgment to defendants on the ground plaintiffs' claims are barred by the statute of limitations. **AFFIRMED.**

Nicholas L. Shaull and Nathaniel D. Staudt of Spaulding & Shaull, P.L.C., Des Moines, for appellants.

Mitchell R. Kunert of Nyemaster Goode, P.C., Des Moines, for appellees.

Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

.

**MAHAN, Senior Judge.**

George and Candace Saluri appeal the district court decision granting summary judgment to Jay and Cathy Buckley on the ground the Saluris' claims of negligence, negligence per se, temporary nuisance, permanent nuisance, and trespass are barred by the statute of limitations. We find the district court properly granted summary judgment to the Buckleys on the ground the Saluris' claims are barred by the five-year statute of limitations in Iowa Code section 614.1(4) (2017) for injuries to property. We affirm the district court.

### I.      Background Facts & Proceedings

The Saluris and Buckleys are adjacent property owners in Des Moines. The Saluris' property is to the north of the Buckleys' property. The Buckleys' property is at a higher elevation than the Saluris' property, and the Saluris have a retaining wall to the south, where their property abuts the Buckleys' property. Due to the difference in elevation, the Saluris' property is the servient estate, as water runs downhill from the Buckleys' property to the Saluris' property.

In November 1997, the Saluris filed a civil action against the Buckleys, claiming a garage on the Buckleys' property increased the flow of water onto the Saluris' property and caused damage to the retaining wall. On August 14, 1998, the parties entered into a settlement in which the Saluris signed a release of liability and received $3500. The Saluris used the money to repair the retaining wall.

The Buckleys constructed a home on their property in 2004. During construction, the Buckleys placed a wall made of landscaping timbers or railroad ties to the north. They backfilled dirt behind the timbers. On February 15, 2005, Candace sent a letter to the Buckleys, stating:

The recent spring thaw and rains have demonstrated that the new house you have recently completed is going to drastically effect the water run-off to our property. If you will recall, in 1997 the addition of the outbuilding at your north property line, immediately adjacent to our servient property, caused considerable damage to our property. It was our hope that when you began the construction of your new house, at that same location, that the water run-off to our property would be considered. Instead, you have directed the water from your new home directly at our servient property. There has already been damage caused by such water flow this spring.

We are asking that you voluntarily take such neighborly measures as to divert the water away from our property. We do not wish to spend additional resources on repairs only to have them washed away during the next rainfall.

We appreciate your prompt attention to remedy this situation before more damage is caused to our property.

In a deposition, Candace testified the top of the retaining wall "maybe had shifted a little bit" by 2005. She assumed the shifting was caused by "the weight of everything behind us," and specified "the railroad ties against our fence." No action was taken by the Buckleys or Saluris at that time as a result of Candace's letter.

In 2015, the Saluris became concerned about the condition of their retaining wall. They hired Bishop Engineering to do a site survey. Bishop determined the retaining wall was in "a particularly advanced state of collapse." The survey showed the Buckleys' landscape timber wall was on the Saluris' property. Furthermore, the Buckleys' garage was not ten feet from the property line.

On August 2, 2017, the Saluris filed an action against the Buckleys on claims of negligence, negligence per se, temporary nuisance, permanent nuisance, and trespass. The Buckleys filed a motion for summary judgment, asserting the Saluris' action was barred by the five-year statute of limitations for damages to property found in Iowa Code section 614.1(4). The Saluris resisted

the motion and claimed they discovered the injury to their property on April 13, 2016, when they received a report from Bishop.

The district court granted the motion for summary judgment. The court found all of the Saluris' claims were governed by the five-year statute of limitations in section 614.1(4). The court stated,

> It is undisputed on the present record that the plaintiffs became aware of some damage to their property resulting from these activities; initially, in the form of water runoff (the focus of the February 2005 letter from Candace Saluri to Jay Buckley) which eroded their retaining wall and subsequently, the "shifting" of their retaining wall as a result of the increased pressure brought about by "the weight of everything behind" it. Once armed with this knowledge, the plaintiffs were under a duty to undertake an investigation as to the exact cause of their damage and to bring all of the claims arising from that investigation within five years of that discovery. This would have required the plaintiffs to bring the present action no later than some time in 2010; on the present record, it is clearly time-barred.

The court also found the circumstances of this case did not "fit within the parameters of the continuing wrong doctrine." The court found the claims were based on the construction of the home, rather than continuing acts.

The Saluris filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), which was denied by the district court. The Saluris now appeal.

## II.     Standard of Review

We review a district court's ruling on a motion for summary judgment for correction of errors of law. *Kunde v. Estate of Bowman,* 920 N.W.2d 803, 806 (Iowa 2018). Under Iowa Rule of Civil Procedure 1.981(3), summary judgment should be granted when the moving party shows "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." "In determining whether a grant of summary judgment was appropriate, we

examine the record in the light most favorable to the nonmoving party, drawing all legitimate inferences that may be drawn from the evidence in his or her favor." *Homan v. Branstad,* 887 N.W.2d 153, 163–64 (Iowa 2016).

### III.     Statute of Limitations

**A.**     The Saluris claim the district court erred by finding their negligence, negligence per se, permanent nuisance, and trespass claims were barred by the statute of limitations.  Section 614.1(4) provides claims for injuries to property must be brought within five years.  The Saluris assert that under the discovery rule the time period began to run in 2016, when they learned the cause of the injury to their retaining wall, and their claims were timely under section 614.1(4).

Under the discovery rule, "the statute of limitations does not begin to run until the injured person has actual or imputed knowledge of all the elements of the action." *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985).  Where the discovery rule applies, it tolls the statute of limitations.  *Skadburg v. Gately*, 911 N.W.2d 786, 793 (Iowa 2018).  We conclude the district court did not err in finding the Saluris were aware in 2005 of slight shifting of the retaining wall and that this was caused by "the weight of everything behind us," and specifically "the railroad ties against our fence."  The Saluris had at least imputed knowledge of their injuries and the cause in 2005, and the district court did not err in concluding the statute of limitations began to run at that time.  *See Hook v. Lippolt*, 755 N.W.2d 514, 523 (Iowa 2008) (noting an injured party who knows of an "injury and its cause must conduct a reasonable investigation of the nature and extent" of the person's legal rights).

**B.** In the alternative, the Saluris claim the Buckleys' conduct constituted an ongoing and continuous harm. They assert they should be able to recover under theories of negligence and temporary nuisance for injuries occurring within five years before the petition was filed.

"[W]here the wrongful act is continuous or repeated, so that separate and successive actions for damages arise, the statute of limitations runs as to these latter actions at the date of their accrual, not from the date of the first wrong in the series." *Hegg v. Hawkeye Tri-Cty. REC*, 512 N.W.2d 558, 559 (Iowa 1994). On the other hand, when an injury is considered to be permanent, the statute of limitations begins to run at the time of the first injury. *K & W Elec., Inc. v. State*, 712 N.W.2d 107, 118–19 (Iowa 2006). A nuisance may be considered to be continuing if it is temporary and subject to abatement. *See Bennett v. City of Marion*, 93 N.W. 558, 559 (Iowa 1903).

The district court found,

> The present case does not fit within the parameters of the continuing wrong doctrine. The alleged actions of the [Buckleys] are not "continuous or repeated"; to the contrary, they clearly were concluded once the construction activities on the [Buckleys'] property were completed. Shortly thereafter, the [Saluris] observed what they perceived as damage to their property attributable to these activities (the aforementioned water runoff, erosion and "shifting" of the retaining wall). While those damages may be recurring [or] ongoing, they all arise from a discrete set of actions completed in 2005, not "a chain of tortious activity."

We determine the district court did not err in its conclusion the continuing wrong doctrine should not be applied in this case. The Saluris' claims arise from the Buckleys' actions in building the garage, home, and timber retaining wall, as well as backfilling dirt behind the wall, which all occurred by 2005. The evidence does

not show the Buckleys engaged in continuous or repeated activities causing damages to the Saluris.

**C.**     On their claim of negligence per se, the Saluris claim the applicable statue of limitations should be twenty years under section 614.1(6), which applies to actions founded on a judgment of record.  They state the Buckleys entered into a consent decree with the City of Des Moines in 1999 that required them to follow all municipal codes, but they violated the municipal code by not having a sufficient set-back for the garage.  The district court rejected this claim "without further comment."

The Saluris' petition alleged injury to their property due to the Buckleys' actions.  The Saluris are not seeking to enforce a judgment.  We determine the proper statute of limitations is section 614.1(4), not section 614.1(6).

We affirm the district court decision granting summary judgment to the Buckleys on the ground the Saluris' claims are barred by the statute of limitations.

**AFFIRMED.**